# CARLOS GARCIA *v.* FELIX GARCIA AND DUNLOP MONCURE & COMPANY.

Where the overseer does not take the ordinary course of engaging for a fixed salary, the court should reduce his compensation to the lowest sum, which the evidence will justify.

Overseers have a privilege on the crop which they have made for their wages, whether in the hands of the original or of third parties.

GARCIA
v.
GARCIA.

The creditor who takes property by an act of antichresis, is bound, unless the contrary be agreed, to pay the taxes as well as the annual charges of the property, which has been given to him in pledge; he is bound to provide for the keeping and useful and necessary repairs of the pledged estate, and also for the maintenance of the slaves.

The agent exceeded the amount which he was authorized to spend for the expenses of a plantation. *Held:* That third persons furnishing necessary supplies, or incurring expenses for the crop, had a privilege on it for payment, notwithstanding there was an antichresis recorded on the property in the parish where it was situated.

It is of the essence of the contract of antichresis as of all contracts of pledge, that the creditors be put in actual possession of the property which it affects.

APPEAL from the District Court of the parish of St. Charles, *Duffel,* J. *Collins* and *St. Paul,* and *Bouney,* for plaintiff. . *Benjamin* and *Micou,* for defendants. By the court:

PRESTON, J. *Felix Garcia* executed an antichresis on two plantations, in favor of *Messrs. Dunlop, Moncure & Co.,* to pay large sums of money due on the same. He was left on the plantations as agent, but limited in his charges and expenses for the same, to $8000 per annum, and bound to procure his supplies through *Dunlop, Moncure & Co.*

In the management of the plantations, large expenses have been incurred, probably exceeding the limit of $8000 per annum.

*Garcia* employed his brother, *Carlos Garcia,* as overseer, and on his credit supplies to a considerable amount have been furnished, and expenses incurred, part he has paid, and part remains unpaid.

*Dunlop, Moncure & Co.,* being about to remove the crop, *Carlos Garcia* sequestered it, claiming a privilege upon it for his wages as overseer, and for the supplies and expenses furnished and incurred on his responsibility, the greater part of which he has paid.

His claims are resisted, on the ground, that they are exorbitant, and are not privileges on the crop to which *Dunlop, Moncure & Co.* are entitled by the antichresis; and, further, it is denied that some of the expenses have been incurred or paid.

No express agreement was made as to the wages of the plaintiff as overseer. He claims eighteen hundred dollars per annum as a *quantum meruit.* In cases where the overseer does not take the ordinary course of engaging for a fixed salary, we think courts should reduce the claim to the lowest sum, which the evidence will justify. We do not think the evidence in this case, authorizes an allowance of more than twelve hundred dollars per annum, leaving four hundred dollars due to the plaintiff, eight hundred having been heretofore paid. The claim for the wages, is a privilege upon the crop. Code, art. 3184. And, as it is contended, that the defendants are third persons as to another overseer, *Bertrand,* we have to observe, that the privilege follows the crop into the hands of third persons, as held by this court, in the case of *Welsh* v. *Barrow,* 3 Ann. 133.

We concur with the district court in his conclusion, that *Dunlop, Moncure & Co.,* did not take actual possession of the property, but that the same remained in the possession of *F. Garcia,* as owner and agent of the defendants. The limitation of his powers as agent, is not brought home with certainty to the plaintiff, or that he exceeded them. That he had a general knowledge that his brother had subjected the plantations and crops to an antichresis, we have no doubt. But then the code itself provides, "That the creditor who holds the property by an act of antichresis, is bound, unless the contrary be agreed, to pay

the taxes as well as the annual crops of the property which has been given to him in pledge, and also to provide for the keeping and useful and necessary repairs of the pledged estate, and also the maintenance of the slaves, saving to himself the right of levying on the fruits and revenues, all the expenses respecting such crops." Article 3144. The claims allowed by the district court, are mostly embraced within these provisions. The defendants are bound, therefore, to pay them out of the proceeds of the crops.

We do not think the record of an act of antichresis in the parish, sufficient to exonerate them from the payment to third persons furnishing necessary supplies or incurring expenses for the crops, because their agent may have exceeded the amount to which they limited themselves by the antichresis. His actual possession of the plantations, the titles to which were also in him, justified third persons in contracting with him without consulting the records or his accounts with his creditors, to know exactly whether he was exceeding the limit as to supplies and expenses to which they had agreed.

There are items in plaintiff's account, allowed and disallowed by the district court, with regard to which I think the evidence is doubtful. But neither party asked for a new trial, in the district court, and it is more probable that we should err in attempting to reform the minutiæ of the account, than that the district judge has erred. On the whole, then, we will not attempt it.

The judgment of the district court is reversed as to the amount allowed *Carlos Garcia*, the plaintiff. It is further ordered and decreed, that said plaintiff recover from the said defendants the sum of two thousand eight hundred and seventy-five dollars and eighty-three cents, with legal interest from the judicial demand; and that in all other respects the judgment of the district court be affirmed, with costs in the district court. The plaintiff is condemned to pay the costs of the appeal.

ROST, J. It is of the essence of the contract of antichresis, as of all contracts of pledge, that the creditor be put in actual possession of the property which it affects; and, as *Dunlap, Moncure & Co.* did not take actual possession in this case, but suffered the plantations to remain in possession of their debtor, as owner, and made a contract with him in relation to the supplies they were to furnish, I am of opinion, that they can set up no right under the antichresis, and that they stand in no better situation than their debtor towards the plaintiff.

I concur with Mr. Justice Preston, that the overseer's wages and the plantation supplies should be paid out of the crops; and that, with the exception of the wages, which he properly reduces, the judgment of the district court aught to remain undisturbed.

EUSTIS, C. J., concurred with Mr. Justice ROST.