[No. 14477.    Department Two. — October 29, 1892.]

## D. C. M. GOODSELL, APPELLANT, v. THOMAS ASHWORTH ET AL., RESPONDENTS.

SUPERINTENDENT OF STREETS — OFFICIAL NEGLECT — LIABILITY OF SURETIES — APPEAL TO SUPERVISORS — ELECTION OF REMEDY. — The remedy, given by section 11 of the street law of 1885, of appeal to the board of supervisors by any one injured in consequence of the official neglect of the superintendent of streets to see that the laws, ordinances, and regulations relative to the streets are carried into execution, is not exclusive, but the party injured may elect to bring an action against the sureties upon the official bond of the superintendent under the provisions of section 22 of the same act.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Edward R. Taylor*, for Appellant.

*John H. Durst*, and *Humphreys & Welch*, for Respondents.

SHARPSTEIN, J. — This action was brought on the official bond of defendant Ashworth, as superintendent of streets of San Francisco, for the purpose of recovering from him and his sureties damages alleged to have resulted to plaintiff by reason of the neglect of duty of said Ashworth, in not seeing that a certain sewer was properly constructed, in accordance with the specifications, and in making an assessment for the work, when he knew that the specifications under which the sewer was built had been violated in material respects.

The bond, street contract, and specifications are all set out at length in the complaint, and the particular violations of duty specifically alleged, together with the manner in which the damage resulted to plaintiff. To the complaint a general demurrer was interposed, which was sustained by the court. Plaintiff declining to amend, a judgment was entered against him for costs, from which this appeal is taken.

The action is based upon section 22 of the street law (Stats. 1885, p. 160), which provides that the superintendent of streets " shall, before entering upon the duties of his office, give bonds to the municipality, with such sureties and for such sums as may be required by the city council; and should he fail to see the laws, ordinances, orders, and regulations relative to the public streets or highways carried into execution, after notice from any citizen of a violation thereof, he and his sureties shall be liable upon his official bond to any person injured in his person or property in consequence of said official neglect."

Counsel for respondents contend that the demurrer was properly sustained, on the ground that if the work was not done according to the contract and specifications, the remedy of appellant was an appeal to the board of supervisors (and the complaint fails to allege such appeal), which remedy is given by section 11 of the act above cited.

That section does provide that all persons directly interested in any work provided for in that act, or in the assessment, feeling aggrieved by any act or determination of the superintendent in relation thereto, or who claims that the work has not been performed, according to the contract, in a good and substantial manner, or having or making any objection to the correctness or legality of the assessment, or other act, determination, or proceedings of the superintendent, shall, within a specified time, appeal to the city council, which, on such appeal, may remedy and correct any error or informality in the proceedings, and revise and correct any of the acts or determinations of the superintendent of streets relative to said work.

It is further provided that " all the decisions and determinations of said city council, upon notice and hearing as aforesaid, shall be final and conclusive upon all persons entitled to appeal under the provisions of this section, as to all errors, informalities, and irregularities

which said city council might have remedied and avoided."

Appellant might have appealed to the board of supervisors, but did not, nor does it appear that any appeal was taken to said board by any one. Therefore, there were no decisions and determinations of said board upon notice and hearing which could be final or conclusive upon all parties entitled to appeal. It is only where an appeal is taken that the decisions and determination of the board are final and conclusive. Here there was no appeal, and no decisions or determinations of the board. The contention of respondents' counsel is, that the remedy by appeal to the board of supervisors is exclusive, and that by failing to avail himself of that remedy, appellant is without any remedy. The law does not say so. On the other hand, the same act that provides for an appeal to the board of supervisors gives the appelpellant a remedy by action upon the bond of the superintendent and his sureties.

We must give, if we consistently can, force and effect to every clause of the act of the legislature, and if the legislature has provided two remedies, and made neither of them exclusive, we know of no reason for holding that a party entitled to one or the other may not select either.

Judgment reversed, and cause remanded, with directions to the court below to overrule the demurrer to plaintiff's complaint, and allow defendants to file an answer thereto within ten days after being notified that said demurrer has been overruled.

DE HAVEN, J., and MCFARLAND, J., concurred.