[No. 15287.   Department Two.—June 12, 1894.]

A. E. BUCKMAN ET AL., APPELLANTS, v. JOSEPH CUNEO, RESPONDENT.

STREET IMPROVEMENT—EXTENSION OF TIME—POWER OF BOARD OF SUPER-VISORS.—Under section 6 of the act of March 14, 1889, the city council, or board of supervisors of the city and county of San Francisco, has power to grant extensions of time for the performance of a contract for street improvement, which power is not limited either as to the number or time of such extensions; and it is within its power to grant an additional extension before an extension previously granted has taken effect, provided the work, up to the time of the making of the application, is shown to have been prosecuted diligently in accordance with the requirements of the statute.

ID.—PRESUMPTION AS TO SHOWING OF DILIGENCE—OPERATION OF EXTENSION.—In the absence of a showing to the contrary, it will be presumed that the action of the board, or council, in the granting of the extension, was based upon a proper showing, and an extension begins to operate from the expiration of the previous extension, and not from the time that it was granted.

ID.—RECORDING OF ENGINEER'S CERTIFICATE—DIAGRAM PART OF CERTIFICATE—VOID LIEN.—By the act of March 14, 1889, the recording of the engineer's certificate was made an additional prerequisite to the creation of a lien thereunder, and where a diagram was drawn on the back of the engineer's certificate, which was referred to in the certificate, and showed to what extent the work was performed under the contract, and to what extent it was left unperformed, such diagram is a material part of the certificate, and it must be recorded in the office of the superintendent of streets, and, upon failure to record it, no valid lien attaches to the property assessed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellants.

J. P. Langhorne, for Respondent.

FITZGERALD, J.—Action to foreclose an alleged street assessment lien upon the defendant's lot.

Defendant had judgment, and plaintiffs appeal therefrom, and from the order denying their motion for a new trial.

The facts necessary to be stated with reference to the points upon which this decision must rest are as follows:

On March 7, 1890, the board of supervisors of the city and county of San Francisco, in pursuance of the act of March 18, 1885, and the act amendatory thereof, approved March 14, 1889, passed a resolution of intention, declaring " that Jones street from the southerly line of Chestnut street to Montgomery avenue be graded to the official line of grade."

On August 13, 1890, the superintendent of streets contracted with one C. D. Vincent to do the work, the contract providing that the work should be completed within ninety days from the date thereof. After five extensions of time had been granted for the performance of the contract, the first four of them for ninety days, and the last for thirty days, the work, except that part of it shown by the engineer's certificate, was completed about the 16th of November, 1891, at which time the assessment was issued therefor, whereby plaintiffs' lot was assessed, as alleged in the complaint.

It further appears that as the work progressed the city engineer made certificates from time to time in relation to its performance, the last of which is in the words and figures following, to wit:

"No. 552.          SAN FRANCISCO, Oct. 29, 1891.

" I certify I have examined the work of grading Jones street from Francisco to Montgomery avenue, and find work to official lines and grades, except per line as shown on back of this certificate.   Emb. 6,760 cubic yards. $40.00.          A. E. BUCKMAN, Contractor.

          " C. S. TILTON, City Engineer."

On the back of this certificate was a diagram made by

the city engineer, showing the easterly and westerly lines of Jones street between Francisco street and Montgomery avenue, and showing that the embankment and filling necessary to complete the grading of Jones street between the streets referred to had not been filled and graded up to the easterly line of Jones street, as required by the terms of the contract, by reason of the projection of a house into the easterly side of Jones street, and beyond its easterly official line westwardly to a depth of two feet, and of the length of twenty feet.

The engineer's certificate referred to was recorded, but the diagram made by him on the back thereof was not recorded.  Afterwards a warrant was issued by the superintendent, to which was attached the assessment, diagram, and the foregoing engineer's certificate, which were delivered by him to the assignees of the original contractor, who thereupon went upon the said lot of defendant, which it appears was assessed to an unknown owner, and publicly demanded payment of the sums of money so assessed by the superintendent thereon for said work.  Neither the whole nor any part of the sums so demanded were paid, and thereafter, and within thirty days from the date thereof, the warrant was returned to the superintendent of streets with a verified return of one of the assignees indorsed thereon, setting forth the nature and character of the demand, and that the sums so demanded were unpaid.  This return was duly recorded by the superintendent of streets on March 9, 1891, and thereafter, on March 12, 1892, the complaint in this action was filed.

The first question presented for consideration involves the power of the board of supervisors to grant an extension of time for the performance of the contract when the extension next preceding it had not commenced to operate.

The language of section 6 of the act of March 14, 1889, upon which this question arises is, that the street superintendent " shall fix the time for the commencement, which shall not be more than fifteen days from

the date of the contract, and for the completion of the work under all contracts entered into by him, which work shall be prosecuted with diligence from day to day thereafter to completion, and he may extend the time so fixed from time to time under the direction of the city council."

In *McVerry* v. *Boyd*, 89 Cal. 304, the court, in considering this section with reference to who had the power to grant extensions, held that the board of supervisors only had such authority, and that the certificate of the street superintendent was merely evidence of that fact. But that statute, as to the question under consideration, has never been construed by this court.

It is claimed by respondent that the construction given to this section by the court below holding that the board of supervisors had no power to grant an extension of time under the circumstances was in accordance with the terms and intent of the statute. To this construction we cannot agree, for we think it clear that the power of the board of supervisors to grant extensions of time for the performance of such a contract is not limited by the provisions of the statute either as to the number or time of such extensions, and that it is within its power to grant an additional extension before an extension previously granted has taken effect. Any number of extensions and for any period may be granted at any time by the board or council before the expiration of the contract, provided, always, that the work, up to the time of the making of the application, is shown to have been prosecuted with diligence in accordance with the requirements of the statute. And in the absence of a showing to the contrary, it will be presumed that the action of the board or council in granting such extension was based on a proper showing, and such extension begins to operate from the expiration of the previous extension, and not from the time that it was granted.

The remaining question to be disposed of relates to the failure to record in the office of the superintendent

of streets that part of the engineer's certificate indorsed or drawn on the back thereof as heretofore shown.

By the act approved March 18, 1885, it was only necessary in order to create a lien such as is sought to be enforced in this action, to record the warrant, assessment, and diagram. But by the act of March 14, 1889, the recording of the engineer's certificate was made an additional and necessary prerequisite to the creation of a lien thereunder. Nor does the creation of such a lien depend upon whether the owner of the lot had notice of any of these proceedings, but upon the recording of the warrant, assessment, diagram, and engineer's certificate. And if they were recorded as provided by the terms of the statute, then a valid lien was created upon the defendant's lot, otherwise not.

The diagram drawn on the back of the engineer's certificate, and referred to in the exception noted on the face thereof, shows, as before stated, the projection of a house into Jones street, and that that street had not been graded to the official easterly line thereof. The question then, is, was this diagram a material part of the certificate? If it was, then it should have been recorded in order to create a lien under the statute.

The certificate as recorded does not show, as the statute requires, how or to what extent the work was performed under the contract, but as the diagram drawn on the back thereof does show in what particular respect the work had not been performed, it follows that the diagram was a material part of the certificate and should have been recorded, and as it was not, no valid lien attached to the defendant's property.

Let the judgment and order be affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.