S. WHITE, APPELLANT, v. CHARLES T. HARRIS ET AL., RESPONDENTS.

STREET IMPROVEMENT—CONSTRUCTION OF SEWER—ASSESSMENT—FORMATION OF DISTRICT—PLEADING.—Under the act of March 18, 1885, and the act amendatory thereof, approved March 14, 1889, authority is given for the construction of sewers by a city without the formation of a district to be assessed for that purpose, and the payment of the expenses and costs may be provided for by an assessment upon the lots or land fronting upon the streets along which the sewer is to be constructed; and it is not necessary that in an action to foreclose a lien, alleged to have been created by an assessment upon the defendant's lot for the construction of a sewer in front thereof, and along the streets described in the complaint, that the complaint should allege the formation of a district upon which the expenses and costs of constructing the sewer should be chargeable.

ID.—TIME FOR COMMENCEMENT OF WORK—DATE—CONSTRUCTION OF STAT-UTE.—Where the contract set out in the complaint provides that the work is to be commenced within fifteen days, it sufficiently fixes the time for the commencement of the work, which dates, under the law, from the date of the contract; and it is not necessary that the contract shall name a particular date or day, to be fixed by the superintendent of streets, for the commencement of the work.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*John T. Jones*, for Appellant.

*Allen & Flint*, and *Wells, Monroe & Lee*, for Respondents.

FITZGERALD, J.—Action to foreclose a lien alleged to have been created by an assessment upon the defendant's lot for the construction of a sewer in front thereof, and along the streets described in the complaint.

A general demurrer to the complaint was sustained by the court, and upon plaintiff declining to further amend, judgment was given for the defendants, from which judgment plaintiff appeals upon the judgment-roll alone.

The only ground urged here upon which the complaint was held to be insufficient by the court below is, that it failed to allege the formation of a district upon which should be chargeable the expense and cost of constructing the sewer, as required by section 27 of the act approved March 18, 1885.

As this act and the act amendatory thereof, approved March 14, 1889, furnishes, independent of the section referred to, ample authority for the construction of sewers by a city, without the formation of a district to be assessed for that purpose, and also provides for the payment of the expenses and costs thereof by an assessment upon the lots or land fronting upon the streets along which such sewer is constructed, it follows that the court below erred in sustaining the demurrer on this ground.

The remaining point, raised here for the first time, in support of the demurrer, that the contract under which the sewer was constructed did not fix the *date* for the commencement of the work as required by section 6 of the said act of 1885 is not well founded.

The contract set out in the complaint provides as follows: "Work to be commenced within fifteen days." Section 6 referred to provides that the superintendent of streets "shall fix the *time* for the commencement (referring to the work to be performed under the contract), which shall not be more than fifteen days from the date of the contract." The word "time" as here used was not intended to mean a particular day to be fixed by the superintendent of streets for the commencement of the work, but that the time fixed by him for that purpose should not be more than fifteen days from the date of the contract.

Let the judgment be reversed, with directions to the court below to overrule the demurrer.

McFARLAND, J., and DE HAVEN, J., concurred.