[No. 15651.   Department Two.—May 3, 1895.]

J. J. RAUER, RESPONDENT, v. SUSANNA LOWE, ET AL., APPELLANTS.

STREET ASSESSMENT—INVALID CERTIFICATE OF CITY ENGINEER—SIGNATURE BY CLERK—EVIDENCE—INSUFFICIENT BASIS FOR LIEN.—In an action to foreclose a street assessment a certificate purporting to be a certificate of the city engineer as to the performance of the work, which was not signed by him in person, nor in his name by a deputy appointed by him, but by a mere clerk in his office, who signed the name of the city engineer to the certificate, adding his own initials to indicate that he had written that officer's name, is not admissible in evidence, and is invalid and insufficient as the basis of a lien upon any property charged with the expense of the work.

107  229
a108  536

107  229
115  435

107  229
120  366

107  229
126  174
126  175

107  229
d124  439

107  229
127  581

107  229
d132  152

ID.—DELEGATION OF OFFICIAL DUTY.—A deputy cannot be appointed unless authority to make the appointment has been conferred by law, and a mere clerk or employee cannot be empowered by an officer to perform official acts.

ID.—RECORDING OF CIVIL ENGINEER'S CERTIFICATE. — Under the act of March 14, 1889, the engineer's certificate must be recorded, as well as the warrant, assessment, and diagram, as an additional and necessary prerequisite to the creation of a lien.

ID.—SEPARATE BOOKS OF RECORD—ONE RECORD ESSENTIAL.—Where the assessment, warrant, and diagram were separately recorded in a separate book of assessment records, while the engineer's certificates were recorded in a small book kept in the same office, but not with the assessment records, nor referred to therein, so as to make it even constructively a part of the assessment records, such recording of the engineer's certificate is invalid, the statute contemplating but one record of the warrant, assessment, and diagram, and engineer's certificate.

ID.—VALIDITY OF CONTRACT FOR WORK—INDEMNITY OF STREET SUPERINTENDENT.—A contract for the construction of a sewer is not void, because it guarantees the street superintendent and his sureties and bondsmen immunity from liability; and such provision can have no effect to prevent property owners who are not affected by this clause of the contract, to which they were not parties, from maintaining an action against the street superintendent, or for any injury caused by his acts for which that officer is liable personally.

ID.—FIXING TIME FOR COMMENCEMENT OF WORK.—A contract which provides that the work is to be commenced within a specified number of days from the date of the contract sufficiently fixes the time for the commencement of the work.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*Horace W. Philbrook,* for Appellants.

*J. C. Bates,* for Respondent.

HAYNES, C.—This action was brought by Rauer to recover an assessment for work performed in the construction of a sewer, and certain street work connected therewith, under a contract with the superintendent of streets, in the city and county of San Francisco. Written findings were filed and judgment entered for the plaintiff, and the appeal is from said judgment and an order denying defendant's motion for a new trial.

*o*

The plaintiff called as a witness John G. Fitzgerald, who testified that he was a deputy superintendent of streets. The witness then produced several certificates, purporting to be the certificates of the city engineer, as to the performance of the work. These certificates were signed, "C. S. Tilton, City Engineer, H. D. G." In connection therewith the witness also produced the assessment, warrant, and diagram, and testified in relation thereto that he produced them from the office of the superintendent of streets; that they were duly recorded in volume 112 at page 28 of assessment records; that the affidavit therein contained was also recorded at said page in said book, but that the said certificates of the city engineer were not recorded in said book, or referred to therein, or in any book of assessment records, but were recorded in a small book kept by the superintendent of streets in his office; that there was not any index or reference showing where they were recorded; that said small book was not kept with the assessment records, and that the latter did not in any manner refer to the record of the certificates or the place where they were recorded.

The said certificates of the city engineer, together with the assessment, warrant, and diagram, were then offered in evidence by the plaintiff, and were received over the objection of defendant. Of the numerous grounds of objection stated in the record two only need be noticed: 1. That said certificates are not shown to be the certificates of the city engineer; and 2. That the assessment, warrant, and diagram, together with the certificates of the city engineer were not recorded in the office of the superintendent of streets.

1. As already stated, these certificates were signed, "C. S. Tilton, City Engineer, H. D. G." The addition of the letters, H. D. G., if they did not absolutely indicate that the certificates were not signed by the city engineer in person, were sufficient to call for an explanation before receiving them in evidence. There is no addition to his title known to the law that could be

represented by them, and, if they are taken to indicate that the signature was written by a person other than the officer named, the certificates did not disclose the authority of such person to append the signature.

The defendant, however, afterward called as a witness H. D. Gates, who testified that throughout the year 1892 he was employed by the city engineer as an ordinary employee, but never was his deputy. That Mr. Tilton did not make the examinations himself, but certain employees made the examinations of the work and left in the office notes thereof, and that he, the witness, prepared the certificates from said notes and signed the name of the city engineer thereto, adding his own initials to indicate that he had written that officer's name; that when he was first employed, in the beginning of the year 1891, he was instructed by Mr. Tilton to make out the certificates and sign his name to them, and that Mr. Tilton had nothing to do with them except through him as his employee.

The Political Code, section 4112, provides: "Every county and township officer, except county judge, supervisor, and justice of the peace, may appoint as many deputies as may be necessary for the faithful and prompt discharge of the duties of his office."

Section 865 of the Political Code provides: "In all cases, not otherwise provided for, each deputy possesses the powers and may perform the duties attached by law to the office of his principal."

The general rule is that an officer has no authority to appoint a deputy unless it is specially conferred, especially where the duties of the office involve trust, skill, and confidence. (*State* v. *City of Buffalo,* 2 Hill, 434.) It would seem to follow that, if a deputy cannot be appointed unless authority to make the appointment has been conferred by law, that a mere clerk or employee could not be empowered by an officer to perform official acts, and that the making of a certificate which is essential under the statute to create a lien upon real estate is an official act is beyond question. That such certifi-

cates may be made by a deputy is not questioned; and as the city and county surveyor, or city engineer, has ample power to appoint deputies, necessity cannot be urged in justification of the performance of any official duty by a clerk. Deputies must be appointed in writing filed with the county clerk, and by section 910 of the Political Code must make and file an oath in the manner required of their principals. The making of these certificates seem to be the final acts of the city engineer in reference to the work. It is the evidence of the completion of the work under the contract, and according to the plans and specifications prepared by him, and is then required to be recorded in another office by another and different officer. There is nothing to call the attention of the city engineer to these certificates after they are signed; and, if they may be prepared and signed by a clerk under a general direction, such as is here shown, the official duty of determining from the notes of the field deputies whether the work is completed according to the plans, specifications, and contract is delegated to an irresponsible clerk, and may be made and handed to the superintendent of streets wholly without the knowledge of the city engineer. These certificates so made and signed are invalid, and insufficient as the basis of a lien upon property chargeable with the expense of the work, and therefore the evidence does not sustain the finding that the assessment is a lien upon defendant's lot.

Appellant also contends that the certificates are insufficient upon their face. It is not necessary to decide that question, but it should at least be said that they are unsatisfactory as evidence of the proper completion of the work.

2. The second ground of objection to the introduction in evidence of said papers, viz., that they were not properly recorded, should be noticed. Section 9 of the act of 1885, as amended in 1891 (Stats. 1891, p. 205), after prescribing the form of the warrant, provides as follows: "Said warrant, assessment, and diagram, together with

the certificate of the city engineer, shall be recorded in the office of said superintendent of streets. When so recorded, the several amounts assessed shall be a lien upon the lands, lots, or portions of lots assessed, respectively, for the period of two years from the date of said recording, unless sooner discharged; and from and after the date of said recording of any warrant, assessment, diagram, and certificate, all persons mentioned in section 11 of this act shall be deemed to have notice of the contents of the record thereof."

In *Buckman* v. *Cuneo*, 103 Cal. 62, it was said: "By the act approved March 18, 1885, it was only necessary to create a lien, such as is sought to be enforced in this action, to record the warrant, assessment, and diagram. But by the act of March 14, 1889, the recording of the engineer's certificate was made an additional and necessary prerequisite to the creation of a lien thereunder. Nor does the creation of such a lien depend upon whether the owner of the lot had notice of any of these proceedings, but upon the recording of the warrant, assessment, diagram, and engineer's certificate; and, if they were recorded as provided by the terms of the statute, then a valid lien was created upon the defendant's lot, otherwise not."

In that case the recorded certificate showed upon its face that the work was completed except as to a certain part which the certificate stated was shown by the diagram on the back thereof. It was held that the diagram thus referred to was a material part of the certificate, and should have been recorded with the certificate, and because it was not, no lien was created.

In the case at bar the testimony shows that the assessment, warrant, and diagram were duly recorded in a book kept for that purpose, and designated "assessment records," while the engineer's certificates were recorded in a small book kept in the same office, but not with the assessment records, nor was it in any way referred to in the assessment record so as to make it even constructively a part of that record. The statute

requires four things to be recorded in order to consti-
tute the one thing called a lien, viz., the assessment,
warrant, diagram, and engineer's certificate; and these
are intended to constitute one record, and should be
found together.  Before the amendment of the statute
in 1889 these certificates formed no part of the assess-
ment record, and, as they were then intended only for
the information of the superintendent of streets, the
custom of placing them in a separate record was proper,
though not required by the statute.   That fact, however,
emphasizes the intention of the statute that they should
be recorded in the assessment record of which they are
an essential part.

Appellant further contends that the contract under
which the sewer was constructed is void, because it
" guaranteed the street superintendent and his sureties
and bondsmen immunity from liability."

I think this provision can have no such effect.   If the
defendants are injured by any acts of the superintend-
ent of streets for which that officer is liable personally,
or upon his official bond, they are not affected by this
clause of a contract to which they were not parties.
That they may have such action against the superin-
tendent of streets, see *Goodsell* v. *Ashworth,* 96 Cal. 397.
This precise question was decided against appellant's
contention in *Byrne* v. *Luning Co.* (Cal., Dec. 3, 1894),
38 Pac. Rep. 454.

The case of *Brown* v. *Jenks,* 98 Cal. 10, cited by ap-
pellant, is not in point.

It is further contended that the contract did not fix
the time for the commencement of the work, and for
that reason the contract is void, citing *Libbey* v. *Els-
worth,* 97 Cal. 316.

The provision in the contract now under considera-
tion is: " The work to be commenced within fourteen
days from the date of the contract."

In *Fletcher* v. *Prather,* 102 Cal. 413, the same words
were used to fix the time of commencing the work, and
it was held sufficient; and in *White* v. *Harris,* 103 Cal.

528, the same provision, substituting the word "fifteen" for "fourteen," was again considered, and it was said: "The word 'time,' as here used, was not intended to mean a particular day, to be fixed by the superintendent of streets, for the commencement of the work, but that the time fixed by him for that purpose should not be more than fifteen days from the date of the contract." This question must therefore be considered settled.

The judgment and order appealed from should be reversed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

TEMPLE, J., MCFARLAND, J., HENSHAW, J.

Hearing in Bank denied.