[S. F. No. 458. Department One.—December 28, 1896.]

GEORGE F. GRAY ET AL., APPELLANTS, *v.* JANE M. LUCAS ET AL., RESPONDENTS.

STREET ASSESSMENT—DEFEAT OF PRIOR FORECLOSURE—RIGHT TO SECOND ASSESSMENT—JUDGMENT MUST SHOW STATUTORY DEFECTS. — Under section 9 of the street improvement act the right to a second assessment, upon defeat of a prior action of foreclosure, does not exist unless it appears by the final judgment in such action that it was defeated by reason of some infirmity in the assessment, or in the recording thereof, or in the return thereof, and the facts upon which the judgment was based must show the grounds upon which the suit was defeated; and if it was defeated by reason of a defect or infirmity in any other step taken in the proceedings than those specified in the statute, or by reason of a lack of evidence, or failure to prove any other fact essential to a recovery, the statute giving a right to a second assessment does not apply.

ID.—CERTIFICATE OF ENGINEER NOT PART OF ASSESSMENT—EXCLUSION OF EVIDENCE—REMEDY BY APPEAL.—The statute does not make the certificate of the town or city engineer, from which the superintendent is to ascertain the amount for which the assessment is to be made, any part of the assessment, and though it requires the certificate to be recorded, and makes the warrant, assessment, certificate, and diagram, with the affidavit of demand and nonpayment, *prima facie* evidence of the regularity and correctness of the assessment, yet it does not require the certificate to be attached to the other instruments, or that it accompany them when they are offered in evidence, nor does its absence from

among them constitute a defect in the assessment; and an erroneous rul-
ing excluding the assessment from evidence, on the ground that the
certificate of the engineer was not attached thereto, is an error to be
corrected by appeal, and cannot form the basis of a right to a second
assessment.

ID.—NONSUIT—ADMISSION OF PLEADING AS TO CERTIFICATE—NOTICE TO
AMEND JUDGMENT—SUFFICIENT BASIS FOR SECOND ASSESSMENT. —
Where a judgment of nonsuit was granted in an action to foreclose the
lien of a street assessment, for the reason that the assessment offered in
evidence had been excluded because not accompanied by the certificate
of the city engineer, and the answer admitted the allegation of the
complaint that the certificate was duly recorded, and was delivered to
the plaintiff's assignor after it had been recorded, the failure of the plain-
tiff to produce evidence within his control necessary to make a *prima
facie* case, must be held to be the reason why the suit was defeated, and
not any infirmity in the assessment; and a motion to amend the judg-
ment so as to have it set forth that the nonsuit was ordered on the
alleged ground that the assessment offered in evidence on behalf of
plaintiffs was defective and irregular, and did not comply with the
statutory requisite in that behalf, in that the certificate of the town
engineer was not attached thereto, so as to have the judgment disclose
a right to a second assessment, is properly denied.

APPEAL from an order of the Superior Court of Marin
County denying a motion to amend and correct a judg-
ment.    F. M. ANGELLOTTI, Judge.

The facts are stated in the opinion of the court.

*Fisher Ames,* and *James W. Cochrane,* for Appellants.

Whenever an action for a street assessment is de-
feated by reason of a defect, error, omission, or irregu-
larity in the assessment, or in the record thereof, or in
the return thereof made to or recorded by the superin-
tendent of streets, the court must enter a judgment to
the effect that the action was defeated for that reason.
(Stats. 1891, p. 205.)    And the contractor is entitled,
if the first assessment proved abortive, to have another.
(*Himmelmann* v. *Cofran,* 36 Cal. 411; *Dyer* v. *Scalmanini,*
62 Cal. 637; *Wood* v. *Strother,* 76 Cal. 545; 9 Am. St.
Rep. 249.)

*E. B. Mahon,* for Respondents.

The judgment as entered is correct.    (Code Civ. Proc.,
sec. 581, subds. 4, 5; McCall's Forms, 88.)    The assess-

ment, if it had been admitted in evidence, would only
have been *prima facie* proof of the regularity of the prior
proceedings. (*Manning* v. *Den,* 90 Cal. 614.) Where
plaintiff is nonsuited, findings are not required. (*Gilson
Q. Min. Co.* v. *Gilson,* 47 Cal. 601; *Harney* v. *McLeran,*
66 Cal. 35; *Reynolds* v. *Brumagim,* 54 Cal. 254.)

HARRISON, J.—The plaintiffs commenced an action
in the superior court of the county of Marin, against
the defendants, to foreclose the lien of an assessment
for the improvement of one of the streets in the town
of San Rafael. At the trial of the action, upon the
issues presented by the answer, a nonsuit was granted,
and judgment rendered in favor of the defendants, and
entered June 3, 1895. Thereafter, upon an affidavit
filed on behalf of the plaintiffs, purporting to set forth
the proceedings at the trial, and the nature of the evi-
dence then presented, an application was made to cor-
rect and amend the judgment. The grounds for the
motion were alleged to be to enable the plaintiffs to
apply to the superintendent of streets for a new assess-
ment, and it was stated in their notice of motion that
unless it was granted they would be deprived of this
right.

The affidavit set forth that testimony was introduced
at the trial identifying the street assessment sued on in
the action, and that when it was offered in evidence the
defendants objected to its admission on certain grounds;
" that said court thereupon sustained said objection;
that thereupon, the testimony being closed, on motion
of counsel for defendants, said court granted a nonsuit,
and ordered judgment for defendants." Upon this affi-
davit the plaintiff made application to the court to cor-
rect and amend the judgment, by inserting therein the
said matter or its substance, before the recital of the
defendants' motion for a nonsuit, and also by inserting
therein that the nonsuit was ordered " on the ground
that the assessment offered in evidence on behalf of
plaintiffs was defective and irregular, and did not com-

ply with the statutory requisites in that behalf, in that the certificate of the town engineer of said town of San Rafael was not attached thereto, and said assessment was therefore inadmissible in evidence, and insufficient to support a judgment in favor of said plaintiffs." The court denied the application of the plaintiffs, and from its order the present appeal has been taken.

Section 9 of the street improvement act provides: "Whenever it shall appear by any final judgment of any court in this state that any suit brought to foreclose the lien of any sum of money assessed to cover the expense of any street work done under the provisions of this act has been defeated by reason of any defect, error, informality, omission, irregularity, or illegality in any assessment hereafter to be made and issued, or in the recording thereof, or in the return thereof, made to or recorded by said superintendent of streets, any person interested therein may, at any time within three months after the entry of said final judgment, apply to said superintendent of streets for another assessment, to be issued in conformity to law"; and that thereupon said superintendent shall issue a second assessment.

Under this provision of the statute the right to a second assessment does not exist, unless it "appear" by the final judgment in a suit upon the prior assessment that the suit was defeated by reason of some infirmity in the "assessment," or in the recording thereof, or in some matter connected with the return of the warrant. If the suit is defeated by reason of a defect or infirmity in any other step taken in the proceedings, or by reason of a lack of evidence, or failure to prove any other fact essential to a recovery, the statute does not apply. The facts, therefore, upon which the judgment is based must show the grounds upon which the suit was defeated, in order that it may be seen whether there is a right to a second assessment. A mere recital in the judgment that the assessment was offered in evidence, and that thereupon judgment was rendered in favor of the defendant, would not satisfy the requirements of the stat-

CXV. CAL.—28

ute, if it also appear that the suit was defeated by reason
of some matter disconnected with the assessment. It
has been frequently held that a finding of facts is in-
appropriate when a nonsuit is granted, and, in the pres-
ent case, as the evidence was excluded, there were no
facts to be found.

The assessment upon which the action was brought
is not set forth in the record so that it can be deter-
mined upon inspection whether it is in any respect
defective, but the grounds of objection thereto set forth
in the affidavit made on behalf of the plaintiffs as the
basis of their motion, and upon which it was excluded
by the court, were, that it was "incompetent, irrelevant,
and immaterial, in that it did not comply with the stat-
utory requisites in that behalf, as the certificate of the
town engineer of the town of San Rafael was not at-
tached to and did not accompany said assessment."
Unless, therefore, the statute under which it was made
required such certificate to form a part of the assess-
ment, the absence of the certificate did not constitute a
defect in the assessment, and an insertion of the objec-
tion and ruling thereon in the judgment would make it
"appear" that the suit was defeated by reason of an
erroneous ruling of the court excluding the assessment
from evidence, rather than from any infirmity in the
assessment itself. Such error should be corrected by
an appeal from the judgment.

It is provided in section 9 of the statute that, after
the superintendent of streets has made an assessment
for the amount due for the work performed, with a
diagram annexed, and has attached the warrant thereto,
" said warrant, assessment, and diagram, together with
the certificate of the city engineer, shall be recorded in
the office of said superintendent of streets." The na-
ture of this certificate is not defined in the statute, but
it is presumably the certificate referred to in section 34,
and which is the source from which the superintendent
is to ascertain the amount for which the assessment is
to be made. Prior to the amendment in 1889, it was

only necessary for the city engineer to deliver his certificate to the superintendent, and it would be thereupon filed in the office of the last-named officer. In that year the legislature amended the section (Stats. 1889, p. 167) by requiring the certificate to be "recorded" in the office of the superintendent of streets. There is no requirement that it shall be attached to the assessment, although, for convenience sake, it may be desirable to do so in order that the several documents may be kept together. Section 12, however, provides that in an action to foreclose the lien of the assessment "the said warrant, assessment, certificate, and diagram, with the affidavit of demand and nonpayment, shall be held *prima facie* evidence of the regularity and correctness of the assessment, and of the right of the plaintiff to recover in the action." The assessment, warrant, and diagram are by section 8 of the statute required to be attached together, and by section 10 the return, which consists of the affidavit of demand and nonpayment, is required to be "indorsed" upon the warrant, and these papers would naturally be offered as a single document, but as there is no requirement that the certificate shall be attached to the other instruments, it is not necessary that it accompany them when they are offered in evidence, or that all be offered together. It was held in *Rauer* v. *Lowe*, 107 Cal. 229, that the certificate should be recorded in connection with the record of the assessment, but nothing in that case authorizes the inference that when the original documents are offered in evidence they must all be offered together. It is essential that all be introduced in evidence in order to entitle the plaintiff to judgment, but the order of their proof is immaterial and we would be adding to the requirements of the statute if we should hold that they could not be offered separately. The answer of the defendants presented issues which required the plaintiffs to establish the regularity of the proceedings prior to the issuance of the assessment. By the above provision of the statute the

necessity of introducing this evidence in detail is obviated, and the warrant, assessment, certificate, and diagram, with the return, are made *prima facie* evidence of such regularity; but, as in all cases in which substituted proof is made *prima facie* evidence of other matters, it is essential that all the proof which is required to constitute such *prima facie* evidence shall be presented to the court.

It was alleged in the complaint that the certificate was " duly " recorded by the superintendent of streets in his office at the time of issuing the assessment, and was delivered to the plaintiffs' assignor after it had been recorded, and, as this averment was not denied in the answer, it must be deemed as an admitted fact. There was, therefore, under the control of the plaintiffs all the evidence required by the statute to make a *prima facie* case of their right to recover. If, at the trial, they failed to produce this evidence, which was essential to entitle them to a recovery, it must be held that that was the reason why the suit was defeated. It is clear, therefore, that, if the entire proceedings before the court were properly in the record, it would not " appear" from the judgment that the suit was defeated by reason of any infirmity of the assessment.

The court properly refused to grant the application of the plaintiffs, and its order is affirmed.

VAN FLEET, J., and McFARLAND, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.