### EDE v. CUNEO et al.

### S. F. No. 905; December 9, 1898.

#### 55 Pac. 388.

**Street Assessments.**—The Street Improvement Act (section 9), authorizing a second assessment where an action to foreclose a lien for street work is defeated by reason of a defective assessment, does not authorize a second assessment where such an action is defeated for want of an engineer's certificate.

**Street Assessment.**—A Demurrer to a Complaint to Foreclose a lien for street work, alleging that a second assessment had been made under the street improvement act (section 9), for the reason that the prior assessment and engineer's certificate were "never duly or properly or legally recorded," should be sustained for uncertainty, as the statement as to the defects in the first assessment is merely a legal conclusion.

APPEAL from Superior Court, City and County of San Francisco.

Action by William Ede against Joseph Cuneo and others. From an order sustaining a demurrer to the petition plaintiff appeals. Affirmed.

J. C. Bates for appellant; J. P. Langhorne for respondents.

HARRISON, J.—The complaint is in the ordinary form for the foreclosure of the lien of a street assessment and alleges that the contract for doing the work was entered into August 13, 1890, and completed within the time fixed there-

for, and that an assessment for the work was issued July 6, 1896. It alleges that on the 16th of November, 1891, the superintendent of streets issued an assessment for the work, with a warrant and diagram attached, upon which a suit was commenced, and in which a final judgment was entered against the plaintiffs therein, and that it appears by said final judgment that the plaintiffs were defeated by reason of the fact that neither the assessment, diagram, warrant nor engineer's certificates were duly or properly recorded in the office of the superintendent of streets; that within three months after the entry of said final judgment, upon the application of an interested party, the superintendent of streets made another assessment, with diagram and warrant attached, upon which a suit was subsequently brought, and in which a final judgment was rendered that the plaintiff was not entitled to recover thereon; that it appears by the final judgment rendered in the last-named action that the plaintiff was defeated by reason of the fact that the city engineer had never made any engineer's certificate of the work, and that the assessment, diagram, warrant or purported engineer's certificate had not been duly or properly or legally recorded in the office of the superintendent of streets; that within three months after the entry of this judgment the superintendent of streets made and issued the assessment, diagram and warrant upon which the present action is brought. It is alleged that the suit upon the second assessment was entitled "Joseph Wells, Assignee of Said Contract, Plaintiff, against J. W. McDonald, Defendant," but the connection of either of these parties with the subject matter of the suit is not shown. There is no direct allegation that the contract or the assessment was ever assigned to Wells, and it is alleged that Buckman and Perrine, assignees of Vincent, to whom the contract was awarded, did all the work of the contract. Neither is there any allegation that McDonald had any interest in the land assessed, while it is alleged that the defendants herein were the owners of said land during all the times of taking the proceedings for the improvement. To this complaint the defendants demurred upon the ground that it did not state facts sufficient to constitute a cause of action, and also upon the ground that it was uncertain in failing to show the particular defects, omissions and irregularities in the assessments upon which the court determined that the plaintiff was not

entitled to recover. The court sustained the demurrer, and from the judgment thereon in favor of the defendants the plaintiff has appealed.

Section 9 of the street improvement act provides: "Whenever it shall appear by any final judgment of any court in this state that any suit brought to foreclose the lien of any sum of money assessed to cover the expense of any street work done under the provisions of this act, has been defeated by reason of any defect, error, informality, omission, irregularity or illegality in any assessment hereafter to be made and issued, or in the recording thereof, or in the return thereof, made to or recorded by said superintendent of streets, any person interested therein may at any time within three months after the entry of said final judgment" apply to the superintendent of streets, and have issued to him another assessment in conformity to law. The authority of the superintendent of streets to issue a second assessment, as well as the validity of the assessment thus issued, is purely statutory, and such assessment can be issued only under the conditions therein prescribed. The statute does not authorize a second assessment in all cases in which the plaintiff shall fail to obtain a judgment in his favor upon the prior one, but has specified certain grounds of his defeat as the only ones which will authorize the issuance of a second assessment, and has designated the evidence by which the fact and cause of his defeat is to be shown. It has not authorized a second assessment merely because the prior one did not create a lien upon the land assessed, or because there was an error, defect or omission in any other document or proceeding requisite to create a lien than "in the assessment, or in the recording thereof, or the return thereof, made to or recorded by the superintendent of streets"; and it has declared that the evidence upon which the superintendent of streets is authorized to issue a second assessment, and which is to be presented to him therefor, is a final judgment in a suit upon the former assessment, in which it will appear that the suit was defeated by reason of such defect. In Gray v. Lucas, 115 Cal. 430, 47 Pac. 354, it was said: "Under this provision of the statute the right to a second assessment does not exist, unless it 'appear' by the final judgment in a suit upon the prior assessment that the suit was defeated by reason of some infirmity in the 'assessment,' or in the recording thereof, or in some

matter connected with the return of the warrant. If the suit is defeated by reason of a defect or infirmity in any other step taken in the proceedings, or by reason of a lack of evidence, or failure to prove any other fact essential to a recovery, the statute does not apply.'' It is unnecessary to consider the defects alleged to have existed in the assessment originally issued for the work, since, unless the conditions required by the statute for the issuance of a second assessment existed at the time the superintendent made the assessment upon which the present action is brought, this assessment was unauthorized, and created no right of action or lien upon the property assessed. Whatever may have been the defects in the original assessment, a subsequent one had been issued, and it was necessary for the plaintiff to allege facts which would authorize the issuance of another, otherwise it would be assumed that the second one was correct; and, as against the pleader, it must be assumed that there were no other defects in regard to the second assessment than he has alleged. These are that in the suit of Wells against McDonald the plaintiff was defeated ''by reason of defects, errors, informalities, omissions, irregularities and illegalities in recording said last-mentioned assessment, diagram, warrant and purported engineer's certificates, and the failure of the city engineer of said city and county to make any engineer's certificate for said work, in this: that it appears from said last-mentioned final judgment as follows: That the city engineer of said city and county had at the time of said last-mentioned judgment never made any engineer's certificate of said work; that neither said last-mentioned assessment, diagram, warrant nor purported engineer's certificates were duly, or properly, or legally recorded in the office of said superintendent of streets.'' The words used at the close of this allegation of the cause of the defeat, viz., ''in this: that it appears from said last-mentioned final judgment,'' limit the allegation in general terms of the cause of the defeat to the defects thus enumerated, and show that the failure of the plaintiffs to recover judgment was not the result of any defect in the assessment, but from the fact that the city engineer had never made any certificate of the work. In Gray v. Lucas, supra, it was held that the certificate of the engineer is no part of the assessment, and that the mere want of such certificate did not constitute a defect in the ''assessment'' which would

authorize the superintendent of streets to issue a second assessment. A distinction is observed by the statute itself (section 9) between the several documents essential to the creation of a lien, each of which is to be complete in itself. In Dougherty v. Hitchcock, 35 Cal. 512, it was held that the assessment must be authenticated by the signature of the superintendent, and that his signature to the warrant attached thereto was insufficient. See, also, Shipman v. Forbes, 97 Cal. 572, 32 Pac. 599. As the provision of section 9, above quoted, does not authorize the issuance of a second assessment for a defect or omission in respect to any other document essential to the creation of a lien than the "assessment," if we should hold that its provisions include defects or omissions in reference to other documents, we would be adding terms to the statute which the legislature has not seen fit to enact.

The allegation in the complaint that the prior assessment, diagram, warrant and purported engineer's certificates were "never duly or properly or legally recorded" in the office of the superintendent of streets, is the averment of a legal conclusion, and not of a fact. This allegation imports that the assessment was recorded, but whether it was "properly" or "legally" recorded was to be determined by the court upon the facts shown in reference thereto, and the opinion of the plaintiff as to the effect of these facts could not be substituted for the judgment of the court. He should have pointed out the defect in the record upon which he relies, in order that the court might determine whether it impaired its sufficiency. The demurrer upon the ground of uncertainty was also properly sustained. The plaintiff should have pointed out and specified the defects or omissions which appeared in the judgment as the ground upon which the suit upon the former assessment was defeated. The judgment is affirmed.

We concur: Van Fleet, J.; Garoutte, J.