## GRAY et al. v. RICHARDSON.

### S. F. No. 941; December 16, 1898.

#### 55 Pac. 603.

Street Assessments.—Street Improvement Act, Section 9, Authorizing a second assessment where a suit to foreclose a lien for street work has been defeated by some defect in the prior assessment, does not apply when such a suit is defeated by any defects other than in making the assessment.

APPEAL from Superior Court, Marin County.

Application for mandamus by George T. Gray and others against George L. Richardson, as superintendent of streets. From an order denying the application and a motion for new trial plaintiffs appeal. Affirmed.

Fisher Ames for appellants; E. H. Gogen and E. B. Mahon for respondent.

HARRISON, J.—The plaintiffs seek by this proceeding a writ of mandate compelling the defendant, as superintendent of streets in the city of San Rafael, to issue to them an assessment for certain street work done by them in that city. A contract for doing the work was awarded to the assignor of the plaintiffs, and, after the work had been completed to the satisfaction of the superintendent, an assessment therefor, with warrant and diagram attached, was made and issued to said assignor in February, 1894. After its issuance, the assessment and warrant were assigned to the plaintiffs, and they brought actions thereon to foreclose the lien of said as-

sessment against certain parcels of the land that had been assessed. In these actions they were nonsuited, and judgment rendered in favor of the defendants therein. The present proceeding is instituted to obtain another assessment for the work, under the provisions of section 9 of the street improvement act. The superior court denied the application, and the plaintiffs have appealed therefrom.

Section 9 of the street improvement act provides: "Whenever it shall appear by any final judgment of any court in this state that any suit brought to foreclose the lien of any sum of money assessed to cover the expense of any street work done under the provisions of this act has been defeated by reason of any defect, error, informality, omission, irregularity or illegality in any assessment hereafter to be made and issued, or in the recording thereof, or in the return thereof made to or recorded by said superintendent of streets," the superintendent of streets may issue a second assessment therefor. In Gray v. Lucas, 115 Cal. 430, 47 Pac. 354, we had occasion to consider this provision of section 9, and we there said: "Under this provision of the statute, the right to a second assessment does not exist, unless it appear by the final judgment in a suit upon the prior assessment that the suit was defeated by reason of some infirmity in the 'assessment,' or in the recording thereof, or in some matter connected with the return of the warrant. If the suit is defeated by reason of a defect or infirmity in any other step taken in the proceedings, or by reason of a lack of evidence, or failure to prove any other fact essential to a recovery, the statute does not apply." In the present case the court finds "that it does not appear by said judgments, or any of them, or by any final judgment entered in any of said actions, that said suits, or any of them, brought to foreclose the lien of or for any sum of money assessed to cover the expenses of said street work, was or has been defeated by reason of any defect, error, informality, omission, irregularity or illegality in any assessment made or issued, or in the recording thereof, or in the return thereof made or recorded by the superintendent of streets." No exception is taken to the correctness of this finding, or the sufficiency of the evidence to sustain it, and it follows that the superintendent was not authorized to issue a second assessment. The judgment and order are affirmed.

We concur: Garoutte, J.; Van Fleet, J.