[S. F. No. 1362. Department Two.—May 18, 1899.]

J. P. FRENNA, Appellant, v. SUNNYSIDE LAND COMPANY et al., Respondents.

STREET ASSESSMENT—DEFECTIVE CERTIFICATE OF ENGINEER—SIGNATURE BY EMPLOYEE.—No lien can be acquired under a street assessment without the record of a valid certificate of the city engineer required by law to be recorded with the warrant, assessment, and diagram in the office of the superintendent of streets. If such certificate is not signed by the city engineer either in person or by deputy, but his name is signed thereto in the hand-

writing of a mere employee, who did the surveying and meas-
uring required to be done and certified by the city engineer, it
is fatally defective and invalid, and its record cannot constitute
the basis of a lien.

ID.—RECITAL IN SUBSEQUENT CERTIFICATE—DEFECT NOT AIDED BY PROOF.
   A subsequent certificate signed by the city engineer, merely
   certifying that the record of the former certificate shows cer-
   tain specified facts, cannot have the effect to aid or cure the
   defective certificate, but is at best only secondary evidence of its
   contents. The defective certificate cannot be cured by any proof
   that the facts stated therein are true.

APPEAL from a judgment of the Superior Court of the City,
and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion.

George D. Shadburne, for Appellant.

Morrison, Foerster & Cope, and Morrison & Cope, for Re-
pondents.

GRAY, C.—Actions for foreclosure of liens for street work.
Defendants had judgment, and the plaintiff appeals.

Plaintiff's right to recover in these suits depends upon the
validity of the lien which the suits were brought to foreclose.
This lien is attacked by respondents on several grounds, only
one of which it will be necessary to notice in this opinion.   Sec-
tion 9 of the street improvement act, as amended in 1889, pro-
vides: "Said warrant, assessment, and diagram, together with
the certificate of the city engineer, shall be recorded in the
office of said superintendent of streets.   When so recorded,
the several amounts assessed shall be a lien upon the lands,
lots, or portions of lots assessed respectively for the period of
two years from the date of said recording, unless sooner dis-
charged."   It would seem from this that there can be no lien
without a certificate of the city engineer being recorded.   (Stat.
1889, p. 167.)   The certificate here referred to is presumably
the one mentioned in section 34 of the act (Stats. 1891, p. 206),
which relates to surveys and estimates of work to be done un-
der the act, and when signed by the city engineer in his offi-
cial character is to be treated as *prima facie* evidence of the
truth of its contents.   (*Gray v. Lucas*, 115 Cal. 430.)   The

plaintiff put in evidence a certificate, which he contends fills the requirement of the statute, and which is in words and figures as follows:

"No. 1729.                     San Francisco, April 3, 1896.

"I certify that a record in this office of certificate No. 596, date June 15, 1894, for grading, wooden curbs and macadem on Circular Ave., between San Jose Ave. and Flood Ave., shows that the work was examined and found to be practically to the official line and grade, average crown of Mac. 6" above official grade.   Number of cubic yards of grading circular line:

|  | Cut. | Fill. |
|---|---|---|
| San Jose to Sunnyside............. | 108 | 1,668 |
| Crossing of Sunnyside ............. | 414 | 258 |
| Sunnyside to Acadia .............. | 416 | 353 |
| Crossing of Acadia ............... | 850 | 000 |
| Acadia to Moulton ................ | 2,638 | 408 |
| Crossing of Moulton ............... | 57 | 1,439 |
| Moulton to Baden ................. | 0000 | 1,916 |
| Crossing of Baden ................ | 508 | 259 |
| Flora to Baden.. ................. | 44 | 687 |
| "Total ................. | 5,035 | 6,988 |

"C. S. TILTON,
                                "City Engineer.
"JAS. McCOY,
    "Cont."

Certificate No. 596, referred to in the foregoing certificate, was in the handwriting of C. H. Holcomb, an employee but not a deputy of the city engineer, and the name of the then city engineer was signed to such certificate No. 596 by said Holcomb.   It was also shown that the surveying and measuring required by the act to be done by the city engineer was in fact performed by one E. J. Morser, another employee, and not a deputy of the city engineer.

Upon the authority of *Ryan v. Altschul,* 103 Cal. 174, and *Rauer v. Lowe,* 107 Cal. 229, I think the conclusions reached by the learned judge before whom the cases were tried are correct, and I can find no better reasons for those conclusions than are

contained in the following language of the opinions rendered by the court at the trial and on motion for a new trial, to wit:

"'The document, which in *Rauer v. Lowe, supra,* was held to be defective, was not signed by the engineer or by his deputy. For that reason it was held to be defective.

"In the cases at bar, the certificate was properly signed by the engineer, but fails to state that he had measured the work or that the work had been measured by anyone. He merely certifies what a record of certificate No. 596 in his office states. That certificate was not signed by the engineer in office at its date, but by an employee who was not a deputy. It was just such a certificate as was held to be insufficient in *Rauer v. Lowe, supra.* If the original certificate No. 596 was insufficient, it seems very clear that a certificate by the engineer that it states or shows certain things is equally so. It is at best but secondary evidence of the contents of the original certificate. The court, upon inspection of certificate No. 596, is quite as competent to determine what it shows as the engineer was, who certified to what it shows. The defective certificate is not cured by proof that the facts stated therein are true. It is necessary to the creation of a lien that a proper certificate of the engineer be recorded with the assessment and diagram. In *Rauer v. Lowe, supra,* the court say: 'These certificates so made and signed are invalid and insufficient as the basis of a lien upon property chargeable with the expense of the work, and therefore the evidence does not sustain the finding that the assessment is a lien upon the defendant's lot.'

"Plaintiff's counsel contend that, even assuming the engineer's certificate to be insufficient, yet by section 11 of the street law the objection can only be taken by an appeal to the board of supervisors.

"The portion of that section, which is relied on, reads as follows:

" "'And no assessment shall be held invalid except upon appeal to the city council, as provided in this section, for any error, informality, or other defect in any of the proceedings prior to the assessment, or in the assessment itself, where notice of the intention of the city council to order the work to be done, for which the assessment is made, has been actually pub-

lished in any designated newspaper of said city for the length of time prescribed by law, before the passage of the resolution ordering the work to be done.'

"When section 11 was passed in 1885, it was not necessary to record the engineer's certificate. The amendment of section 9 requiring such recording was not passed until 1889.

"In passing section 11 the legislature could not have had in mind the certificate as being one of the proceedings which could only be attacked by appeal to the board of supervisors.

"The objection that the engineer's certificate was not recorded is not an objection to the assessment. The assessment is a different thing from the certificate. 'Said warrant, assessment and diagram, together with the certificate of the city engineer, shall be recorded, et cetera. When so recorded the several amounts assessed shall be a lien, et cetera.' "

"I still think that the certificate in this case is insufficient. It would seem to be a very foolish requirement of the statute that a certificate must be recorded if it is unnecessary for it to state anything. In *Gray v. Lucas,* 115 Cal. 430, Mr. Justice Harrison states that the certificate required is that referred to in section 34 of the street law.

"Assuming that the assessment itself was not invalid, but that the certificate of the engineer required by law was not recorded, plaintiff did not acquire any lien."

For these reasons I advise that the judgment be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Temple, J., Henshaw, J.