[S. F. No. 1905.    Department One.—November 23, 1900.]

## T. F. A. OBERMEYER, Respondent, v. WILLIAM PATTERSON, Appellant.

Street Assessment—Evidence—Certificate of City Engineer.—In an action to foreclose the lien of a street assessment, a certificate of the city engineer stating that a record in his office of another certificate shows that the work of grading specified "was examined and found to be practically right for official line and grade," should be excluded from evidence, and, if admitted, is insufficient to sustain the plaintiff's case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Alex. G. Eells, and H. K. Eells, for Appellant.

J. C. Bates, for Respondent.

GRAY, C.—Action to foreclose a lien for street work. Plaintiff had judgment, from which and from an order denying him a new trial defendant Patterson appeals.

At the trial of the case plaintiff offered in evidence the certificate of the city engineer, which reads as follows:

"No. 1722.                         San Francisco, March 31, 1896.

"I hereby certify that a record in this office of certificate No. 597, date June 16, 1894, shows that the work of grading of Eighth avenue south between M and N streets south, was examined and found to be practically right for official line and grade.

        "13,174 cubic yards cut.
          320 cubic yards fill.

        "13,494 total.

                        "C. S. TILTON,
                        "City Engineer."

This certificate was objected to by defendant on the following grounds: "That said certificate is not such a certificate as the statute requires, in that it does not certify to any facts whatever, but certifies to a record of a former certificate which is not set forth in it, nor is said record offered in evidence in any manner; that said certificate does not show by whom said work was examined, nor by whom it was found to be practically correct, and is not the best evidence of what said record, referred to therein, shows; that said certificate does not show that said Tilton, or any other city engineer, nor any authorized deputy, ever examined said work, or ever ascertained or found or verified any of the facts referred to therein."

The above objection, for the reasons therein stated, should have been sustained by the trial court. (*Frenna v. Sunnyside Land Co.*, 124 Cal. 437, and cases therein cited.) This being the certificate, presumably, that was referred to in the complaint as having been recorded with the assessment, warrant, and diagram, and being clearly insufficient, the motion for a nonsuit made by defendant at the conclusion of plaintiff's evidence should have been granted. There is nothing in *Hornung v. McCarthy*, 126 Cal. 17, in conflict with the opinion herein.

It is unnecessary to consider the other points made on this appeal, for the reason that this defective certificate will defeat any recovery in this action by plaintiff, whatever might be decided as to said other points.

We advise that the judgment and order appealed from be reversed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

          Van Dyke, J., Harrison, J., Garoutte, J.

Hearing in Bank denied.