### DANIEL BLOCK *v.* T. F. McGUIRE AND F. SLOUTY.

18 417
109 1075

Although the general rule is that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality, or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule. In the assessment of damages under this rule, as well as in cases of offences, quasi offences, and quasi contracts, much discretion must be left to the Judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditors, whenever the contract has been broken by the fault, negligence, fraud, or bad faith of the debtor.

The Constitution, Art. 76, requires Judges in all cases to adduce the reasons on which their judgments are founded.

APPEAL from the Third District Court of New Orleans, *Handlin*, J. *Wm. Piles*, for plaintiff. *Cutler & Thomas*, for defendants and appellants.

HYMAN, C. J. This case was dismissed because the Court was led into error, by motion of appellee's counsel, stating that the transcript had not

been filed on the return day, and that no motion had been made by appellant within three judicial days from the return day, to extend the time for filing the transcript, but on application for rehearing we discovered our mistake and granted a rehearing.

A motion had been made by appellant, within the legal delay, for further time to bring up the transcript; time had been given, and the transcript had been filed within the time granted by this Court.

This suit is for damages. The District Court rendered judgment against defendants in solido for $150, as damages done by them to plaintiff.

Defendants have appealed.

There is no proof whatsoever against the defendant, Slouty; but there is proof that McGuire, who was a constable, arrested plaintiff without any warrant or authority of law, and deprived him of his personal liberty for the purpose of subserving his, defendant's, private interest.

It is impossible to estimate the mental pain a person may suffer by the violation of his right of personal liberty. The law has left discretion in the Judge to assess damages, without calculating altogether on the pecuniary loss in offences of this kind. See C. C. No. 1928, § 3.

We see nothing in the evidence to induce us to set a lighter estimate of the damages than the District Judge has assessed.

There is evidence that plaintiff bought wood of defendant, McGuire, which he did not pay for. His failure to pay was no excuse for this personal wrong and violation of law by an officer of the law.

The District Judge gave no reason for the judgment rendered by him. The Constitution, Art. 76, requires Judges in all cases to adduce the reasons on which their judgments are founded.

The judgment must, therefore, be reversed.

It is ordered, adjudged and decreed, that the judgment of the District Court be reversed. It is further decreed that plaintiff have judgment against the defendant, T. F. McGuire, and that he recover of said McGuire the sum of one hundred and fifty dollars. The costs of suit in the District Court, the half to be paid by McGuire, and the half by plaintiff; that defendant, F. Slouty, have judgment against plaintiff, as of nonsuit; it is further decreed that plaintiff pay the costs of the appeal.