Caspar vs. Prosdame.

---

### No. 11,283.

#### HENRY CASPAR vs. J. G. PROSDAME.

Under the general issue in a suit for damages for injury to feeling and humiliation caused by an assault by the defendant on the plaintiff, and by the use of opprobrious epithets by the former, evidence of irritation and provocation was admissible in mitigation of damages, but was not admissible to defeat the action.

When the clear right of a person is invaded, he must be entitled to an action against the party who inflicted the injury.

Assaulting a person and denouncing him in the presence of bystanders in a court building, in the presence of officers of the court as a thief, and as having robbed the party denouncing him, and his threats to cowhide the person, are indignities and insults actionable in themselves, without reference to character or reputation.

Even if a person has a bad character he has a right to be let alone, and to immunity from personal attacks.

Even if he has no reputation, he should not be denounced as a thief if he is not a thief.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

---

*Moise & Cahn* for Plaintiff and Appellant.

*Dinkelspiel & Hart* for Defendant and Appellee.

---

The opinion of the court was delivered by

BREAUX, J.    The plaintiff, a young man, was the patentee of a collar and cuff rack, used for advertising purposes, by placing the advertisement in the rack.

He contracted in writing with the defendant to place his advertisement in his racks and put them in a stated number of shaving saloons and billiard halls in the city of New Orleans.

No particular names or places where he was to place his racks containing defendant's advertisement were mentioned in the contract.

The defendant having refused to pay the balance due to the plaintiff under the terms of the contract, the plaintiff brought suit against him before the First City Court for the amount he claimed.

At the first fixing of the case for trial it was not tried.

Immediately after the continuance, as plaintiff was leaving the court room, he passed the defendant, who called upon him to stop, at the same time said that he wished to see him.

Walking together to the hall of the court building, the defendant, between his two friends who were standing near, pressed the plaintiff against the wall and assaulted him; put his hand upon him in a fit of anger.

The defendant, Prosdame, at the time, uttered words abusive, vituperative and insulting, and charged the plaintiff, Caspar, with having violated his contract; with having robbed him of his money; with being a thief, and threatened to cowhide him.

A short time after the occurrence the plaintiff called at the office of one of the witnesses, who testified that he was quite excited and began crying.

The petition alleges that defendant's conduct was malicious, for the purpose of injuring petitioner, and prevent him from prosecuting his case against the defendant, and for the further purpose of humiliating and insulting him.

Prior to the date of the insult it had been the intention of the plaintiff to leave the city.

After he had been thus treated he determined to remain, and at his instance his case against the defendant was set for trial.

After the testimony had been heard on the trial, the court pronounced judgment in his favor.

The defendant, without availing himself of the right of appeal, paid the judgment.

The judgment sustained Caspar's interpretation of the contract.

The plaintiff subsequently brought suit and prayed for actual, punitory and exemplary damages in the sum of $5000.

The defendant pleaded a general denial.

The judgment of the court a qua rejected plaintiff's demand.

The court admitted testimony which was offered to prove irritation and provocation.

The court admitted it and limited its effect to the mitigation of damages, and decided that it was not admissible under the general issue to prove irritation and provocation.

To the ruling a bill of exception was reserved by plaintiff.

The testimony offered to prove provocation and cause of irritation consisted of verbal conditions superadded to the written contract, the defendant contends.

The only evidence upon the subject is that of the plaintiff and of the defendant; one asserts that there was additional stipulation, the other denies.

The evidence was admissible in mitigation, and was properly admitted with the restriction made.    Hitchcock vs. North, 5 R. 328.

There was no testimony offered of character or reputation of the plaintiff.

The plaintiff claims damages for injury to his feelings and for the humiliation to which he has been subjected.

No claim is made for injury to his character or reputation.

Our first impressions were that the restricted character of the demand left no ground for damages, and that the cause of action alleged was not per se actionable; that character and reputation are requisites to be considered in suits of this nature.

Upon further consideration and examination of authorities we conclude that they are not always indispensable.

If a person has no character, or even a bad character, he has a right to be let alone; to immunity from personal attacks and assaults.

It is a personal right, independent of character.

If made without sufficient provocation the assault is grievous and wanton, and the lack of character of the person assaulted is not a

sufficient defense or justification of the act, although it may be a fact considered in mitigation of damages.

Damages in the case of assault include the humiliation and the mental and bodily suffering.

Relative to reputation, as an indispensable element of damages in cases of the character of the one at bar.

The person may be an entire stranger; still, he certainly has a right of action to protect himself from the charge of having committed larceny, if he is entirely innocent.

A man of a reputation not good, may have that said of him which is untrue, and thereby subjected to wrong.

The merest vagabond should not be denounced as a thief if he is not.

He would only be without right of action if the charge be true.

If it be untrue, it would be a sad condition to let him remain remediless on account of reports, true or false, not having the least bearing upon the offence charged.

The assault and the words charged as having been uttered are proven.

The character of the occurrence was aggravated by the time and place at which the indignity and insult were offered.

It was at the court building, in the presence of officers of the court, and immediately after the case, by agreement of counsel, had been postponed to another day.

In Mohrman vs. Ohse, 17 An. 64, the court held that the words were slanderous (the defendant was denounced as a thief), and from the nature of the epithets used and the place where uttered the evident purpose was to destroy confidence in the person slandered.

In the case at bar loss and impairment of confidence are not issues.

The humiliation and the wrong are, and the place and circumstances add to the injury inflicted.

An assault was committed. The plaintiff was without cause charged with a crime.

The defendant therefore owes damages which must be assessed with reference to the testimony admitted in mitigation of damages.

" Damages may be assessed without calculating altogether on the pecuniary loss or the privation of pecuniary gain to the party. *

* * In the assessment of damages under this rule, as well as

in cases of offences and *quasi* offences, much discretion must be left to the judge." R. C. C. 1934.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered and decreed, that plaintiff have judgment against the defendant for the sum of $500, with interest from date of judgment, and that the defendant pay the costs of both courts.