## No. 11,681.

### J. C. WIMBISH VS. W. E. HAMILTON.

An amended answer which sets out the facts relied upon as justification is allowable in an action for libel.

When the judge is requested to charge the jury in a series of instructions, tendered *in globo*, as one charge, and he declines to give the instructions, the party tendering them should designate the particular instruction rejected to which he excepts. When the charges so tendered are mere abstract propositions of law, without any particular bearing on the case, and some more specifically direct the attention of the jury to particular facts, and others embrace matters fully covered in the general charge, the trial judge ruled properly in rejecting the entire charge so requested.

When the occasion exists, and the allegations are pertinent to the issues presented, no libel is charged. But if the occasion does not exist, and the allegations constituting the alleged libel are gratuitous defamation of plaintiff's character, responsibility ensues. Belief from information excuses no one for libeling another.

When the facts furnished by a client to his attorney are misleading and defamatory of character, and their incorporation into the petition are foreign to the object and purposes of the suit, the client is responsible in damages.

When it appears that the libel complained of was not committed with evil intent, malice may be inferred from the nature of the charge made.

Members of a city council are not subject to suit in their official or individual capacity, because they voted to repeal an ordinance conferring certain rights upon a corporation, when the repealing ordinance is based upon the fact that the corporation had failed to comply with the conditions imposed upon it.

APPEAL from the First District Court, Parish of Caddo. *Taylor, J.*

*Alexander & Blanchard* and *Leonard & Thatcher* for Plaintiff and Appellant.

*Wise & Herndon* for Defendant and Appellee.

The opinion of the court was delivered by

McENERY, J. This case comes before us a second time on appeal. The first appeal was taken by the plaintiff from the dismissal of the suit by the District Court on sustaining an exception filed by the defendant that the petition disclosed no cause of action. At our session in Shreveport in 1893 we reversed the judgment, and remanded the case for further proceedings. It is now on an appeal by the plaintiff from a judgment adverse to him, based on the verdict of a

jury. The pleadings of the plaintiff are similar to those of Randall, in Randall vs. Hamilton, 45 An. 1184. It will suffice for explanation here to say, that the plaintiff sues the defendant for damages for libel and slander, and for a vexatious suit brought against him. The libel is alleged to have been contained in the allegations of the petition in the suit of "The Shreveport Electric Railway and Motive Power Company vs. The City of Shreveport et als.," on the docket of the District Court of Caddo, in which petition the company was declared to be a corporation of the State of Louisiana, and Hamilton as appearing for it, as its president, charging Wimbish, who was made a party to the suit, with acts of fraud and wrong-doing, as a member of the Common Council of the city of Shreveport, in assisting in bringing about the enactment of a certain ordinance prejudicial to what was claimed to be the rights of the company. The slander is laid upon the alleged oral repetitions of these same charges. The plaintiff alleges that the suit was not only vexatious and malicious, but that it was a sham and fictitious one, as the company had really no corporate existence, and Hamilton could not be and was not its president, and therefore there was no party plaintiff. That the averments made in the petition were malicious, false and without probable cause, and so known to be by Hamilton. That Wimbish, as a member of the Common Council, was not liable to any action, such as was brought against him; that the suit against him was wantonly brought, was an outrage upon his rights, and instituted in bad faith in order to coerce and control the subsequent action of the Common Council.

The pleadings of plaintiff in the present case, and that of the plaintiff in the suit of the Shreveport Electric Railway and Motive Power Company against Wimbish, can be more fully seen by reference to our opinion in Randall vs. Hamilton, 45 An. 1184, already alluded to.

Upon the remanding of the cause to the District Court, defendant filed an answer in which, after pleading the general issue, he averred that the suit of the Shreveport Electric and Motive Power Company vs. The City of Shreveport et al. was brought by him upon the advice of experienced counsel after fully placing before his counsel all the facts as they existed, or were believed to exist by respondent.

That all the allegations made in said suit were made in good

faith, believing them to be true, and without any malice against plaintiff.

That as president of said company he had the right to bring said suit to protect the rights and interest of said company; that plaintiff and his co-defendants in said suit were properly made parties defendant therein, and the allegations in said suit respecting plaintiff and his co-defendants were respectful, proper and pertinent, and are substantially true.

That if in any respect not true he had reasonable grounds to believe them true, and did so believe at the time they were made and sworn to.

That such allegations were made to protect his legal rights and not to injure or annoy plaintiff.

That the said allegations being pertinent and relevant to the suit in which they were made, they are in the nature of privileged communications to the court, made in the course of judicial proceedings in the prosecution of legal rights, and respondent is therefore exempt from prosecution, either civilly or criminally therefor.

Plaintiff averring that the answer was evasive, equivocal, inconsistent, sets up four defences: the general issue, justification, confession under mitigating circumstances and privileged communications, and that defendant should be confined to one of three defences, viz.: the general issue, justification or confession under mitigating circumstances, moved the court to order him to elect one of the three, and that all other defences be stricken from the answer. This motion being sustained, defendant filed a second answer, in which he admitted making the allegations complained of in the suit of the Shreveport Electric Railway and Motive Power Company against the City of Shreveport *et al.*, but averred that said suit was brought by him as president of the company, upon the advice of experienced counsel, after fully placing before such counsel the facts as he understood them at the time. That all the allegations in the petition were made in good faith and without malice. That as president of said company he had a legal right to bring said suit (No. 4001) to protect the rights of said company; that plaintiff and his co-defendants in said suit were properly made parties defendant therein; that the allegations respecting plaintiff and his co-defendants were respectful, proper and pertinent, and he had reasonable and probable grounds for making them, believing them to be true.

That said allegations being relevant and pertinent to the issues involved in said suit are privileged communications to the court, made in the course of judicial proceedings in the prosecution of a legal right, and respondent is protected from prosecution, either civilly or criminally therefor.

He denies that he has verbally reiterated, made and published the charges made in said allegations at various times after the institution of said suit with design to injure plaintiff; avers that on several occasions, and to several persons in response to questions from them, he made a statement and explanation of the way the suit No. 4001 came to be brought, but that such statements were made without malice and without intent or design to injure plaintiff or his codefendants.

He denies that in said suit No. 4001 he made plaintiff and his associates parties defendant, wantonly, maliciously or for the purpose of thereby influencing their official action in his interest and that of the Shreveport Railway and Land Improvement Company.

Finally he denies that suit No. 4001 was brought for the purpose and with the intention of destroying the value of the Shreveport City Railroad and forcing its sale to the Shreveport Railway and Land Improvement Company.

This answer was permitted by the court to be filed over the objection of the plaintiff "that under the order of the court directing an election, defendant had no right to do anything more than indicate the defence which he elected to stand on, and that the paper presented on behalf of the defendant was an amended answer, and came too late, the cause having been previously set for trial." To the action of the court overruling his objections plaintiff reserved a bill of exceptions.

In effect, the amended answer was a plea in justification, and the averments complained of were only the facts upon which this plea was founded. This is allowed; otherwise the defendant might be precluded from introducing any evidence as to the facts which would justify the plea.

The case was tried by a jury, which rendered a verdict in favor of the defendant. Judgment having been rendered in conformity to the verdict, plaintiff appealed.

The District Judge having stated to the jury the pleadings in the case, instructed them as follows:

"The issues are thus made up between these parties, and those issues are:

"1. Was the libel published in a judicial proceeding?

"The defendant admits that it was, but avers that it was pertinent to the occasion, and made without malice and with probable cause.

"Upon the first cause of inquiry, the court instructs you *that the allegations were pertinent and relevant to the issues* involved in suit No. 4001. In this class of privileged communications, the occasion is an absolute privilege, and the only question is whether the *occasion* exists, and whether the matter complained of was pertinent to the occasion.

"2. Was the alleged libel published without malice and with probable cause?

"This is a question of fact which you alone are to decide upon the evidence in the record, and upon this point the court can not express an opinion. Probable cause does not depend upon the actual state of the case, but upon the honest belief of the party making the allegations or accusations. He may be mistaken, but did he have reasonable grounds for believing the allegations or accusations were true? If you find, therefore, the defendant made these communications with an honest but mistaken belief that they were true, and free from malice or ill will, then your verdict must be for defendant.

"3. Privileged communications generally protect the party who makes them, but they do not do so where the proof satisfies you that defendant was actuated by motives of personal spite and ill will, independent of the occasion in which the communications were made. If therefore you find that the defendant was actuated by motives of spite and ill will, independent of the occasion on which the libelous communication was made, then he is not protected by the privileged character of the communication, and your verdict must be against him.

"This is the point to which I wish to direct your special attention, for it is not every species of privileged communication which protects him who makes it. It must be based upon a probable cause and be freed from malice or spite outside of the occasion on which it is made. Wherever these things are shown, then the publication is protected by its privileged character and the verdict of the jury must be in favor of defendant.

"4. In conclusion I have only to say that in regard to the damages

claimed for libel and slander, there is no rule of law which controls the jury in awarding them. Upon this point is it sufficient to say the whole matter is left to the discretion of the jury, who may allow damages, though none have been proved."

Plaintiff unsuccessfully excepted to the first three of the charges given to the jury, and reserved bills in support of his objections.

Plaintiff presented to the judge thirty-four special charges, with the request that they be given to the jury. The bill of exceptions reserved to the action of the court, upon this request, after reciting all the charges asked, states: " which charges the court refused to give, and refused to give any one of them, to which plaintiff, by his counsel, in due time excepted, and reserved and tendered his bill."

The special charges seem to have been presented altogether, and though counsel states that the judge refused to give all and any of them, we do not understand that there was any special distinct offer of each separate charge, nor a separate distinct refusal to give any particular one of the number, nor any separate bill, reserved to such a special refusal. The refusal seems to have been given to the charges as a whole, and the bill to be reserved to that action. As a matter of course the refusal to charge all of the instructions carried with it a refusal to charge any one of them, but if plaintiff had reason to complain of the refusal to give one of the special charges asked, he should have made such special charge the subject of a special tender of it, and reserved a separate bill.

This should be done in order to escape what we understand to be a rule of practice where instructions are asked *in globo* and are refused *in globo;* that a correct refusal by the court of any one of the requested special charges carries with it the failure of the bill reserved to the court's action. We can not be expected to take up successively these thirty-four special charges, and from among them declare which were correctly asked and which were correctly refused.

Among the numerous instructions asked, tendered to the court as one continuous charge, there are some which are mere abstract propositions of law, true and correct in themselves, without special reference to any particular bearing on the case; others were intended to more specially direct the jury's attention to particular facts, and those which were unobjectionable were covered by the general charge, to which exception was taken.

On this general charge the court instructed the jury that the pertinency of the allegations to the issues presented were matters of law for the consideration of the court. In this ruling he was correct, and basing his charge on the legal question which he had decided, the charge was in all respects more favorable to the plaintiff than he could have expected. For if the occasion existed—that is, if a *bona fide* suit was pending against proper defendants, and the allegations were pertinent to the issues presented, they were privileged communications, and afforded no ground for an action against the defendant. Terry vs. Fellows, 21 An. 375; Dunsee & Co. vs. Norden, 36 An. 78; Burke vs. Ryan, 36 An. 951; Gardemal vs. McWilliams, 43 An. 454.

The plaintiff complains that the District Judge persisted in his ruling made in the cases of Randall vs. Hamilton, 45 An. 1184, and Wimbish vs. Hamilton, 45 An. 1191, when these cases were dismissed by him on the exception of no cause of action. His rulings in these cases were reversed by this court on the ground that the plaintiff had the right, in an action for damages for libel, to prove the non-existence of the conditions upon which would be dependent a right of exemption from liability on account of the character of the libel. The evidence in these matters was before the judge, and he exercised a legal right in instructing the jury that the allegations made were pertinent to the pending issues in the pleadings in the case from which the action for damages sprung.

There is no disputing the fact that the allegations made by the defendant in the petition in the suit 4001, District Court of Caddo, of " Shreveport Electric Railway and Motive Power Company vs. City of Shreveport *et als.*, are of a libelous character, and the law is well settled that if the occasion did not exist for the institution of said suit the defendant can not be protected, on the ground that the libel was used in a proceeding classed as privileged. The facts recited by the District Judge in the opinion in that case satisfy us. that no such corporation as the Shreveport Electric Railway and Power Company ever had any existence. The suit was not a *bona fide* one for the assertion of a legal right. But waiving this point, we are convinced that the allegations, conceding the suit to have been an honest effort for the enforcement of a right, were not pertinent to the issue. They were foreign to it, and gratuitous in assailing the motives of plaintiff as a member of the city council of Shreveport.

By ordinance of the city council of Shreveport certain privileges were granted to the Shreveport Electric Railway and Power Company. On June 9, 1892, these privileges so granted were repealed by the city council on the grounds that the corporati.n, if it had an existence, totally failed to comply with the conditions imposed upon it. No matter what motives controlled the members of the council, if the facts existed to warrant the repeal of the ordinance, its repeal would be valid and legal. The corrupt motives of the councilmen could not avoid a valid ordinance which they had enacted. The individual intention of the councilmen could not have the effect of rendering that valid which had become invalid and give to the plaintiff corporation rights which it had not acquired. We are of the opinion that the matter complained of in the petition, in the suit above mentioned, the Shreveport Electric Railway and Power Company vs. City of Shreveport *et als.*, was not pertinent to the issue, and the defendant used the occasion to inflict an unnecessary injury upon the defendant. In Randall vs. Hamilton, 45 An. 1184, in commenting upon the Gardemal case, 43 An. 454, we said, nothing in the former case conflicted with the doctrine announced in the latter. Conceding that the occasion existed, there is no such thing as an *absolute* exemption from pursuit for a libel in a judicial proceeding. If the suit is used as a means of inflicting an injury upon the defendant by the incorporation into it of matters foreign to it, there can be no good reason urged why the plaintiff should not be held liable. Weil vs. Israel, 42 An. 955; Randall vs. Hamilton, 45 An. 1184.

The repealing of the ordinance granting certain franchises to the Shreveport Electric Railway and Power Company had reference to the use of the streets, and fell directly under the police power of the city. It was the duty of the council, if the corporation had failed to comply with the conditions imposed upon it, to withdraw its assent to them. There was discretion for this purpose vested in the council, and the act of repeal was purely legislative. Being legislative in its character and scope, the motives of the members of the council who voted for it are not subject to judicial inquiry as a means of invalidating the contract. The plaintiff was not, therefore, properly made a defendant in his individual capacity in the suit brought by the defendant Hamilton against the city of Shreveport *et als.* for the purpose of assailing his motives in voting for the repeal of the ordinance, granting to the alleged corporation certain street privileges.

In reviewing the facts we conclude that neither the occasion existed for the defamation of plaintiff's character, nor was the motive complained of pertinent to the issue. There was then no probable cause existing for the use of the language in the petition of the defendant Hamilton, as the occasion did not exist, and they were not pertinent to the issue, and the testimony does not show that the plaintiff, as councilman, voted corruptly, as alleged, for the repeal of the ordinance. The defendant urges that he believed that the matters complained of were true. His testimony shows that he had based his conclusions from what he had observed at the meeting at the council, when the repealing ordinance was passed, and what was told to him by others. In the council meeting, from what is contained in the record, there were no facts which justified him in his assertions against the plaintiff. Acting upon what was told him, he assumes the responsibility of the truth or falsity of the accusations. Belief from information excuses no one for libeling another. The advice of able and distinguished counsel was sought, and this also is urged as a matter of defence. If this could justify false allegations in a petition not pertinent to the issue, and the occasion could be made the means of attacking a party, the reports would be without cases, informing us upon the law in such a case as is before us. In all judicial proceedings the advice and assistance of counsel is had. He prepares the pleadings from the facts gathered from his client, and if these facts are of such a nature as are misleading, the client must bear the responsibility. Decoux vs. Lieux, 33 An. 392. If they are such as are necessary to allege in the preparation of his suit, and are defamatory, no action will lie for their utterance; but if not necessary, and are gratuitous defamation of character, responsibility ensues. Although the libel complained of does not seem to have been committed with express motive, yet the motive may be inferred from the nature of the charge made. Savoie vs. Scanlan, 43 An. 973.

Damages are necessarily due for libel and slander. The law presumes damage to follow from the injurious words spoken or uttered against the plaintiff. Weil vs. Israel, 42 An. 962; Williams vs. McManus, 38 An. 162; Savoie vs. Scanlan, 43 An. 973.

The plaintiff has suffered no special damage to character or reputation, and no pecuniary loss has followed the libel. There must have been mortification and some mental anguish to plaintiff when

his character as a public official was assailed.  It has often been said that in estimating damages, in cases arising *ex delicto*, it is difficult, in fact it is impossible, to precisely adjust the amount due. But they are recognized as a legitimate basis for the recovery of reasonable indemnity.  Williams vs. McManus, 38 An. 162.

From the facts in this case we think five hundred dollars will indemnify the plaintiff for injury to his feelings, and expenses in asserting his rights in this suit.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that there be judgment in favor of the plaintiff against the defendant for the sum of five hundred dollars and all costs of suit.

### ON APPLICATION FOR REHEARING.

Without granting a rehear.ng in this case, we will amend our former decree.  On reconsideration of the facts, we conclude the amount allowed as damage was excessive.  We will, therefore, amend our decree and reduce the amount to three hundred dollars. As thus amended, the former decree is to remain undisturbed.

Rehearing refused.