(34 South. 91.)

No. 14,501.

GRAHAM v. WESTERN UNION TELEGRAPH CO.*

(Feb. 16, 1903.)

TELEGRAPH COMPANY—FAILURE TO DELIVER TELEGRAM—DAMAGES—MENTAL ANGUISH.

1. Suit against a telegraph company for failing to deliver a message to a mother announcing the mortal illness and approaching death of a son. The suit was dismissed in the Court of Appeal upon an exception of "no cause of action," for the reason assigned that "mental pain and anguish resulting from simple action-

---

*Rehearing denied March 30, 1903.

able negligence is not sufficient basis for an action for damages, if unattended by injury to person, property, health, or reputation."

The exception should have been overruled. Under the laws of Louisiana, it is not well grounded. The judgment is reversed, and the cause remanded to the Court of Appeal, to be by it passed on upon the merits.

(Syllabus by the Court.)

Action by John M. Graham against the Western Union Telegraph Company. Judgment for plaintiff was reversed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Judgment of Court of Appeal reversed, and cause remanded.

Horace H. White, Chandler C. Luzenberg, and William C. McLeod, for applicant. Denègre, Blair & Denègre and William Wirt Howe, for respondent.

### Statement of the Case.

NICHOLLS, C. J. The plaintiff brought suit in the civil district court for the parish of Orleans against the defendant company to recover damages against it by reason of its failure to promptly transmit and deliver to his wife a telegram announcing the serious illness and approaching death of her son.

The damages were claimed because of "the mental pain and anguish" occasioned the mother by not being able to reach the son prior to and after his death.

The district court rendered judgment in favor of the plaintiff for $250. Defendant appealed to the Court of Appeal, and the latter court sustained an exception of "no cause of action," which had been filed "on the ground that mental anguish and suffering, unattended by any injury to person, property, health, or reputation, resulting from simple actionable negligence, is not sufficient basis for an action for damages."

The correctness of that judgment has been brought for review to this court.

### Opinion.

In that opinion it is said that the doctrine announced by it is supported by the great weight of authority in the states of the Union and in England, though the Supreme Courts of Texas, Alabama, Indiana, Iowa, Kentucky, North Carolina, and Tennessee hold the contrary view.

The organ of the court cited the states in

which the doctrine which it recognized as being the law prevailed, together with a long list of adjudicated cases, and extracts taken from the same.

The principal extract is taken from Butner v. Western Union Telegraph Company, 37 Pac. 1087, decided by the Supreme Court of Oklahoma, in which the court uses the following language: "Some [courts] hold that mental anguish is not a cause of action, but is merely a dependent incident to be taken into consideration, in addition to pecuniary damages shown, while others say that it is an independent cause of action—a distinct element of damages. Some hold that negligence sufficient to uphold a recovery must be willful; others, that simple negligence will suffice. Some uphold recovery on the ground of punishment; others, upon the ground of compensation; and some blend both grounds. This conflict exists only between courts of the different states entertaining this view, but no instance is exhibited in the decisions of a single state. The Supreme Court of Texas, in the course of its adjudications upon this subject, has held both the affirmative and negative of all the propositions above enumerated. The Tennessee and Alabama cases are not authority in favor of plaintiff's position, because they refuse to recognize mental pain as an element of damage. They hold it to be an incident, merely, to be taken into consideration in addition to pecuniary loss."

In Kester v. Western Union Telegraph Co. (C. C.) 55 Fed. 603, the judge who rendered the opinion, after adversely criticising the judgment of the Supreme Court of Texas in So Relle v. Western Union Telegraph Company, 55 Tex. 308, 40 Am. Rep. 805, in which it was held that the addressee of a telegraph message might recover compensatory damages for mental anguish caused by the failure of the telegraph company to promptly deliver a message announcing the death of the plaintiff's father, and summoning her to his funeral, said: "We think the rule first laid down by the Texas court is a departure from the sound and safe principles of the common law. The difficulty of estimating a pecuniary compensation for mental anguish is itself a sufficient reason for the common-law rule in preventing a recovery for mental anguish in actions for simple negligence or breach of contract. The amount of litigation which would grow out of the adoption of such a rule would be intolerable. The measure of damages to be adopted would be so indefinite and indefinable as to subject the defendant in such cases to the possibility of great oppression."

It is useless for us to refer to decisions of courts exercising functions where the common law prevails upon a subject-matter in regard to which we have to be controlled by local law. In France, not only do material injuries furnish ground for legal actions for redress, but so, also, do what are there referred to as "moral injuries." The doctrine rests there upon jurisprudence. In Louisiana it rests upon positive statute. Article 1382 of the Code Napoleon, which relates to offenses and quasi offenses, corresponds to article 2315 of our Civil Code, and declares: "Tout fait quelconque de l'homme qui cause à autrui un dommage oblige celui par la faute duquel il est arrivé a le reparer." Under that article we find in Dalloz & Vergé authorities to the following effect:

No. 46. "Un dommage matériel n'est pas le seule qui donne ouverture à l'action en reparation il suffit d'un intérêt moral."

No. 290. "Que le préjudice causé soit matériel ou moral la responsabilité est encourrue."

Nos. 107, 243. "Le chiffre des dommages intérêts dus à la veuve et aux enfans de la victime d'un accident de chemin de fer, doit être basé non seulement sur le dommage matériel par eux éprouvé, mais encore sur le préjudice moral resultant de la perte du père de famille des affections brisées et de la douleur sans que néanmoins la somme soit hors de proportion avec la perte réelle et appreciable à prix d'argent."

No. 342. "Lorsqu'il y a préjudice moral les tribunaux doivent l'apprecier suivant les règles de l'équité."

We find also under articles 1133–1149, Code Napoleon, which relate to contracts, the following authorities:

Under article 1149, No. 6: "Le préjudice moral donne lieu à des dommages, intérêts s'il peut être evalué d'une façon quelconque."

No. 7. "Le seul préjudice moral causé par exemple par un appel sans fondement suffit pour donner lieu à des dommages intérêts."

No. 9. "La difficulté de déterminer l'étendu d'un préjudice moral par exemple celui qui fait souffrira à un négociant le prolet de sa signature n'est pas un motif pour les juges de n'allouer aucuns dommages, intérêts: ils doivent en pareil cas apprecier le préjudice suivant les règles de l'équité."

Under article 1133, Code Napoleon:

No. 260. "Le préjudice peut être matériel ou moral. Bien que le préjudice moral ne se compose pas d'élements faciles à resumer en chiffre comme le préjudice matériel il en doit être tenu compte."

No. 261. "Ainsi l'inexecution d'une promesse de marriage peut donner lieu à des dommages, intérêts aussi bien lorsqu'elle cause un préjudice moral que lorsqu'il en resulte un préjudice matériel."

There are authorities in France of a character contrary to these, but these are few in number.

In this state matters have not been permitted to rest on judicial opinion as to what the law would or should authorize. The lawmaker has expressly declared in article 1934 of the Civil Code that there are cases in which damages may be assessed without calculating altogether on the pecuniary loss or privation or pecuniary gain to the party. Where (the article says) the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality, or taste, or some convenience, or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach. A contract for religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this kind. In the assessment of damages under this rule, as well as in cases of offenses and quasi offenses, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages, under the above rules, as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud, or bad faith of the debtor.

It would be difficult, in view of this distinct recognition of the fact that a breach of a contract resulting in a loss of intellectual or other legal enjoyment or gratification entitles a party to an action for damages, to assign a reason why a breach of a contract which leads up not only to a deprivation of legal enjoyment, but to the infliction of positive mental suffering, or suffering and pain, should remain without legal remedy.

Mental pain and suffering, as to their existence, are certainly as actual, clear, and positive as are intellectual enjoyment and gratification, and the former are as susceptible of being ascertained and gauged as are the latter. If a contracting party, by reason of a breach of contract, can be made legally responsible for damages on his part for the "mortification" or the loss of anticipated pleasure and enjoyment which his default has occasioned the other contracting party, or if a man who has used harsh and insulting language to another, short of defamation, can be held legally to respond in money for the humiliation which he has caused the latter to suffer, no good reason can be assigned why mental pain and suffering could not and should not furnish equally the basis for a judgment for damages. The existence of physical pain as the result of a bodily wound is a fact which every one knows and recognizes; but the extent of the pain, no one but the sufferer himself can appreciate. The existence of mental suffering by a parent for the loss of a child is a fact so universal and general that it also may be fairly assumed and recognized as existing in any given case, in the absence of facts and circumstances tending to disprove the same. The extent of the distress and sorrow may not be susceptible of direct or exact measurement, but enough certainty and knowledge of the situation can be established through the introduction of testimony to furnish the basis for a verdict or a judgment. Warner v. Clark, 45 La. Ann. 875, 13 South. 203, 21 L. R. A. 502. This court has declared that the fact itself of a violation of a legal right can in many instances support an action for damages, without the necessity of proof of the latter. Powers v. Florance, 7 La. Ann. 525; Dudley v. Tilton, 14 La. Ann. 283; Caspar v. Prosdame, 46 La. Ann. 39, 14 South. 317; Fuselier v. Telegraph Co., 50 La. Ann. 799, 24 South. 274; Wimbish v. Hamilton, 47 La. Ann. 254, 16 South. 856.

There are many matters from which resulting injury may be presumed and inferred on proof of the existence of the things themselves, leaving the extent of the injury and the amount properly to be awarded to the party suffering the injury to be determined by the sound discretion of the courts. Under our present judiciary system, granting relief to suitors not only under the appellate jurisdiction of this court, but under its supervisory and discretionary revisory powers, the danger of oppression is remote.

Plaintiff has referred the court, in support of his application for a revision of the judgment, to Sutherland on Damages, pp. 2, 156–158; So Relle v. Western Union Tel. Co., 40 Am. Rep. 805; Joyce on Electric Law, c. 31; Wadsworth v. West. Union Tel. Co., 86 Tenn. 695, 8 S. W. 574, 6 Am. St. Rep. 864; Chapman v. West. Union Tel. Co., 90 Ky. 265, 13 S. W. 880; Young v. Telegraph Co., 107 N. C. 370, 11 S. E. 1044, 9 L. R. A. 669, 22 Am. St. Rep. 883; Mentzer v. West. Union Telegraph Co., 93 Iowa, 752, 62 N. W. 1, 28 L. R. A. 72, 57 Am. St. Rep. 294; to articles 1934 and 2315 of the Civil Code, and to Byrne v. Gardner, 33 La. Ann. 6; Block v. McGuire & Gloutey, 18 La. Ann. 417; Lafitte v. N. O. City & Lake R. Co., 43 La. Ann. 34, 8 South. 701, 12 L. R. A. 337; and Caspar v. Prosdame, 46 La. Ann. 36, 14 South. 317. To these may be added Wimbish v. Hamilton, 47 La. Ann. 254, 16 South. 856; Lindsey v. Tioga Lumber Co., 108 La. 476, 32 South. 464.

The judgment of the Court of Appeal, brought up herein for review, is, in our opinion, erroneous. For the reasons herein assigned, it is hereby annulled, avoided, and reversed, and the cause is hereby remanded to that court, to be by it passed upon on the merits; costs of this application to be borne by the defendant.