March 19, 1906.

————————o————————

No. 3776.

Court of Appeal, Parish of Orleans.

HUDSON M. WHITE vs. WESTERN UNION TELE-GRAPH CO.

1. In cases sounding in damages for mental pain and anguish though

256

the extent of the distress and sorrow may not be susceptible of direct or exact measurement, enough certainty and knowledge of the situation can be established through the introduction of testimony to furnish the basis for a judgment.

2. The fact itself of a violation of a legal right can in many in stances support an action for damages without the necessity of proof of the latter.

3. The verdict of a jury or judgment of Court fixing the quantium of damages will not be disturbed unless manifestly erroneous.

Appeal from Civil District Court, Division "D."

Philip H. Mentz, plaintiff and appellee.

Howe, Spencer & Cocke, defendant and appellant.

MOORE, J.  This was a suit to recover of the defendant company damages to the plaintiff's feelings resulting from negligent delay in delivering a telegram from the plaintiff's sister announcing the illness of plaintiff's father and requesting him to "come on first train," his father having died two days after the telegram was sent and before the plaintiff could reach his dying parent's bed side, which he could have reached in ample time if the telegram had been promptly delivered.

The answer is a general denial and the special defense that as the message was sent on the Company's blanks "subject to the terms on the back thereof," the plaintiff can recover no more than, the amount specified in those terms which is stipulated to be "the amount received (by the Company) for sending the same."

There was judgment for the plaintiff for one thousand dollars and defendant appeals, the appellee therein by answer praying that the judgment be increased to two thousand dollars, the amount sued for.  The facts are that on Sunday, July 19th, 1903, at 7:30 o'clock p. m. there was received for transmission at the defendant's office in Opelika, Ala., a telegram in the following words:

H. W. White,

  322 Hennen Building,

    New Orleans.

Pa very sick; come on first train.

     MATTIE.

Upon transmission of this message to New Orleans, which was promptly done it was at 8:20 o'clock of the night of the 19th of July, 1903, sent to 322 Hennen Building by the Company's messenger, who, finding the office closed and making inquiry of the Janitor of the building whether White had an office there, and being answered that he had not, then left the usual notice slip by inserting same under the door. Returning to the Company's office its messenger reported this fact whereupon the City directory was consulted. The only H. W. White appearing therein was one whose residential address was stated to be 5008 Pitt St. Assuming that this was the party for whom the telegram was intended the defendant was immediately dispatched to that address with the message. On reaching there the messenger rang the house bell and otherwise endeavored to rouse the occupants to no avail. The noise, however, aroused the next door neighbor, who, upon learning the messenger's mission informed the latter that Mr. White, the occupant of 5008 Pitt St., had gone to Ocean Springs. Thereupon the messenger returned to the office and reported that fact. Opelika was immediately communicated with and notified that the message could not be delivered on account of Mr. White being in Ocean Springs. The next day Opelika replied to this service message, that is to say a message sent by the Company itself to one of its stations, requesting that the message to White be repeated to him at Ocean Springs, which was at once done. On the night of the 20th a service message was received from Ocean Springs stating that after diligent efforts, White could not be located. The New Orleans office immediately notified Opelika of the unsuccessful attempt at Ocean Springs and received from that office a request to try the New Orleans office again for probably White had returned. A copy of the message was made out and sent to the Hennen Building, and was subsequently returned with the statement that Mr. White was in Bainbridge, Georgia. Opelika was immediately notified of this fact. In the meanwhile at midnight of July 21 a telegram addressed to W. H. White 322 Hennen Building saying "come on first train—answer" signed Mattie was delivered to the company at Opelika. This message was at once transmitted

to New Orleans and was sent out after midnight to the Hennen Building but the office being closed the usual slip was left. The next morning, however, this message was sent back to 322 Hennen Building and was received by a Mr. Dean, the occupant of the office stated.

This message was opened by Mr. Dean and by him repeated to Mr. White at Bainbridge, Georgia, who received it between 1 and 2 o'clock p. m. of July 22. When the plaintiff received this last message repeated to him by Dean he at once took the train for Opelika but when he reached the latter place his father was dead and the funeral was on the road to the cemetery. He stopped a carriage, entered it and went to the Cemetery to see his father buried. Had the telegram of July 19th been delivered to him at the place indicated "322 Hennen Building" on the following morning, Monday, July 20th, he would have certainly gone on to Opelika and would have been with his father whilst life was still in him.

It appears that this unfortunate mistake on the part of the defendant company was in assuming that the Mr. White, whose address they found in the City directory to be 5008 Pitt street, was the Mr. White for whom the telegram was intended and in not, in any event, returning on Monday morning, July 20th, to 322 Hennen Building and again make an effort to deliver the message. Had the Company done so it would have been successful, for the Mr. White for whom the message was intended was not the Mr. White of 5008 Pitt street, and whose office the directory showed was on Gravier St., but was the plaintiff who did have an office, or rather who had desk room, in the office of his friend, a Mr. Dean, who rented and occupied the office "No. 322 Hennen Building." At this office the plaintiff transacted all his business when in the City of New Orleans. His mail and telegrams came and in his absence they are opened by Dean, who, being informed of plaintiff's movements, keeps him advised of his business concerns here and repeats telegraphic messages to him.

Plaintiff was in the City on Sunday night, July 19th, 1903, of course not at his office. He was here all day Monday, the 20th,

and up to Tuesday night, the 21st of July, and in and out of his office during the day. If a delivery of the message to the address given had been attempted on Monday morning, or even on Tuesday, when the Opelika office advised the New Orleans office to make another effort to deliver the telegram at 322 Hennen Building, plaintiff would have received it either in person, or some one in the office would have received it for him and have delivered it to him at once he came in the office.

If he had received this message he would have taken the train at once for Opelika and have seen his father alive. The failure to make delivery on Monday was in our judgment, gross negligence on the part of the Company and under the authority of Graham vs. Western Union Telegraph Co. 109 La. 1069 the plaintiff is entitled to damages for the mental anguish which he suffered. As said in Graham's case, supra, the extent of the distress and sorrow in cases of this character may not be susceptible of direct or exact measurement, but enough certainty and knowledge of the situation can be established through the introduction of testimony to furnish the basis for a verdict or a judgment; the fact itself of a violation of a legal right can in many instances support an action for damages without the necessity of proof of the latter.

The evidence in this case sufficiently establishes the basis for the amount fixed by our esteemed brother of the District Court and as he had the advantage of seeing the plaintiff and hearing him testify, and could thus judge the value of plaintiff's testimony as to the extent of his anguish, he is as fully, if indeed not better qualified to fix the amount of damages in this case, as is any appellate Court. In cases of this character the verdict of a jury or judgment of Court is entitled to great weight and will not be disturbed unless manifestly erroneous. The lower judge has assessed the damages at one thousand dollars, which we will neither increase nor diminish.

The judgment appealed from is affirmed.