## JONES v. WESTERN UNION TELEGRAPH CO.

District Court, W. D. Louisiana, Monroe Division.    November 13, 1926.

No. 1615.

**1. Damages** ⊜⇒49—**In construing common law, federal courts do not allow recovery for mental anguish and suffering, in absence of injury to person or property.**

In construing common law, federal courts have established settled doctrine that there can be no recovery for mental anguish and suffering, in absence of statutory or local law, where there has been no injury to person or property.

**2. Courts** ⊜⇒365(1), 366(1.)—**State court's construction of statute or applicable local law as distinguished from general common law is binding on federal courts.**

Decision of state court involving construction of state statute or applicable local law, as distinguished from general common law of United States, is binding on federal courts.

**3. Telegraphs and telephones** ⊜⇒68(2)—**Action may be brought in federal court in Louisiana to recover for mental suffering caused by nondelivery of telegram (Civ. Code, La. art. 1934).**

Action may be brought in federal court in Louisiana against telegraph company to recover for mental anguish and suffering caused by nondelivery of telegram notifying plaintiff of her sick father's critical condition, in view of state court's construction of civil law and Civ. Code La. art. 1934, to authorize such recovery.

At Law.    Action by Mrs. Jennie Jones against the Western Union Telegraph Company.    On defendant's exception of no cause of action.    Exception overruled.

Edward L. Gladney, Jr., of Bastrop, La., for plaintiff.

Hudson, Potts, Bernstein & Sholars, of Monroe, La., for defendant.

DAWKINS, District Judge.    Plaintiff alleges that on April 10, 1926, she visited her father, Isaac L. Evans, in the city of Monroe, where he was seriously ill, and, being compelled for business reasons to return to her home in Bastrop, La., she requested her brother to let her know immediately of any change in his (her father's) condition, as her love and devotion for her parent would compel her to return to his bedside if his condition became worse; that, after returning to her home, her said father became worse, and her said brother sent her a telegram, in which he advised her of the serious change in her father's condition; that said message, she is informed, was sent to Bastrop, "but delivery thereof was never effected, due to the neglect, carelessness, and fault of the defendant's agents, servants, and employees in failing and neglecting to deliver to petitioner said message"; that, because of her anxiety to hear from her said father, she had her husband leave at the office of defendant in Bastrop her correct address so that she might receive promptly news of any change in his condition; that the agents in charge were informed of her expectation of receiving said message and assured petitioner that the same would be promptly delivered; that, notwithstanding these facts, the message was sent but not delivered, and her father died the day following its sending, and was buried "unbeknown to petitioner"; that, after sending said message and not hearing from petitioner, her said brother undertook to trace the same, and was informed by defendant's agents that it had been delivered.    She further alleges that, because of the carelessness and negligence of defendant in not delivering said message, she was prevented "from attending the mortal illness of her father, and from being there to administer to his aid and comfort during his last moments, and she was prevented from being present at his funeral, and did not actually learn of the death of her father until some time after he had been buried."    She alleges that she suffered great mental anguish and remorse as a result of the breach by defendant of its contract, and prays for damages in the sum of $5,000.

Defendant has excepted upon the ground that the petition discloses no cause or right of action, for the reason, as it is contended, the federal jurisprudence construing the common law does not recognize the right to recover for mental anguish and suffering in such cases.

### Opinion.

[1] It is unquestionably true that in construing the common law the federal courts, including the Supreme Court of the United States, have established a settled doctrine that there can be no recovery for such damages, in the absence of statutory or local law, where there has been no injury to the person or property of the petitioner.    See the long list of authorities cited by Judge Lurton as a Circuit Judge, in Western Union Telegraph

Co. v. Sklar (C. C. A.) 126 F. 301; also Express Co. v. Byers, 240 U. S. 612, 36 S. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197; Erie R. R. Co. v. Collins, 253 U. S. 77, 40 S. Ct. 450, 64 L. Ed. 790.

[2, 3] However, it is contended by counsel for plaintiff that in Louisiana the right to recover for mental suffering and anguish, unaccompanied by other injury, is permitted by provisions of the Louisiana Revised Civil Code, and the principles of the civil law as distinguished from the common law, and for this reason the federal decisions are not controlling.

In Western Union Telegraph Co. v. Sklar, supra, Judge Lurton, at page 298, in discussing the extent to which the federal courts are bound by the interpretation of local statutes by a state court, involving the identical point here, said: "So far as it involves the construction of the statute, the decision is obligatory upon the federal courts, and it will be our duty to follow it, even though we may think the court misconstrued the statute." He cites, in support of this holding, Forsyth v. Hammond, 166 U. S. 506, 17 S. Ct. 665, 41 L. Ed. 1095, Bucher v. Cheshire R. Co., 125 U. S. 555, 8 S. Ct. 974, 31 L. Ed. 795, and Railroad v. Roberson (C. C. A.) 61 F. 592. Judge Lurton also quotes from a decision by Judge Taft, then sitting as Circuit Judge, to wit, Byrne v. Kansas City Ft. S. & M. R. Co. (C. C. A.) 61 F. 605, 24 L. R. A. 693, as follows:

"The question whether we are bound by the decision of the Supreme Court of Tennessee as to the effect of contributory negligence in statutory actions depends upon the basis given by that court for its conclusion. If the statute is held to be merely declaratory of the common law both in its requirements and in the liability imposed for failure to observe it, and the plea of contributory negligence is allowed only in mitigation of damages, because, in the view of the Supreme Court of Tennessee, that is the only effect it could have in an action for common-law negligence, we conceive that the effect of contributory negligence in such a case would be a question of general common law, with respect to which we might exercise an independent judgment. But if the rule of the State Supreme Court grows out of the peculiar liability imposed by the statute as distinguished from that imposed for negligence at common law, then it is the legitimate effect of a construction of a state statute by the highest tribunal of the state, and we are, of course, bound by it." 126 F. 298, 299.

In the Sklar Case, supra, it was found that there was no right of recovery because the decisions of the Tennessee Supreme Court, which were reviewed, had not held that the state law permitted, independent of other considerations, such recovery, but rested their conclusions upon the theory that, if "some damages" were recoverable for the breach of the contract, compensation for mental suffering might be allowed as an incident thereto.

In view of the holding in the Sklar Case, as well as the authorities cited and quoted from by Judge Lurton, I am of the opinion that, if the Louisiana Supreme Court has construed the state statute or the local law applicable in Louisiana, as distinguished from the general common law of the United States, as giving such a right of recovery, then the federal courts, in passing upon cases arising in this state, are bound thereby.

In the case of Graham v. Western Union Telegraph Co., 109 La. 1069, 34 So. 91, the Supreme Court of Louisiana had under consideration the same question involved here, and, after referring to the case of Kester v. Western Union Telegraph Co. (C. C.) 55 F. 603, criticizing the case of So Relle, 55 Tex. 308, 40 Am. Rep. 805 (which appears to have been about the first departure from the common-law doctrine that there was no right of recovery in such cases), as well as other cases in other states holding to the contrary, and through Chief Justice Nicholls, said:

"It is useless for us to refer to decisions of courts exercising functions where the common law prevails upon a subject-matter in regard to which we have to be controlled by local law. In France, not only do material injuries furnish ground for legal actions for redress, but so, also, do what are there referred to as 'moral injuries.' The doctrine rests there upon jurisprudence. In Louisiana it rests upon positive statute. Article 1382 of the Code Napoleon, which relates to offenses and quasi offenses, corresponds to article 2315 of our Civil Code, and declares: 'Tout fait quelconque de l'homme qui cause à autrui un dommage oblige celui par la faute duquel il est arrivé à le reparer.'" 109 La. page 1072, 34 So. 92.

The court then quotes excerpts from Dalloz & Verge, as well as from the Code Napoleon, in support of the conclusion which it announces. The learned Chief Justice then proceeded as follows:

"In this state matters have not been permitted to rest on judicial opinion as to what the law would or should authorize. The lawmaker has expressly declared in article 1934

of the Civil Code that there are cases in which damages may be assessed without calculating altogether on the pecuniary loss or privation or pecuniary gain to the party. Where (the article says) the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality, or taste, or some convenience, or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach. A contract for religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this kind. In the assessment of damages under this rule, as well as in cases of offenses and quasi offenses, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages, under the above rules, as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud, or bad faith of the debtor.

"It would be difficult, in view of this distinct recognition of the fact that a breach of a contract resulting in a loss of intellectual or other legal enjoyment or gratification entitles a party to an action for damages, to assign a reason why a breach of a contract which leads up not only to a deprivation of legal enjoyment, but to the infliction of positive mental suffering, or suffering and pain, should remain without legal remedy.

"Mental pain and suffering, as to their existence, are certainly as actual, clear, and positive as are intellectual enjoyment and gratification, and the former are as susceptible of being ascertained and gauged as are the latter. If a contracting party, by reason of a breach of contract, can be made legally responsible for damages on his part for the 'mortification' or the loss of anticipated pleasure and enjoyment which his default has occasioned the other contracting party, or if a man who has used harsh and insulting language to another, short of defamation, can be held legally to respond in money for the humiliation which he has caused the latter to suffer, no good reason can be assigned why mental pain and suffering could not and should not furnish equally the basis for a judgment for damages. The existence of physical pain as the result of a bodily wound is a fact which every one knows and recognizes; but the extent of the pain, no one but the sufferer himself can appreciate. The existence of mental suffering by a parent for the loss of a child is a fact so universal and general that it also may be fairly assumed and recognized as existing in any given case, in the absence of facts and circumstances tending to disprove the same. The extent of the distress and sorrow may not be susceptible of direct or exact measurement, but enough certainty and knowledge of the situation can be established through the introduction of testimony to furnish the basis for a verdict or a judgment. Warner v. Clark, 45 La. Ann. 875, 13 So. 203, 21 L. R. A. 502. This court has declared that the fact itself of a violation of a legal right can in many instances support an action for damages, without the necessity of proof of the latter. Powers v. Florance, 7 La. Ann. 525; Dudley v. Tilton, 14 La. Ann. 283; Caspar v. Prosdame, 46 La. Ann. 39, 14 So. 317; Fuselier v. Telegraph Co., 50 La. Ann. 799, 24 So. 274; Wimbish v. Hamilton, 47 La. Ann. 254, 16 So. 856." 109 La. pages 1073, 1074, 34 So. 93.

It is not denied that this case has been followed in subsequent decisions, and that it is the settled jurisprudence of the state of Louisiana.

Under the circumstances, I am constrained to hold that the matter does not rest upon the common law, but is covered by the statutory and local law of Louisiana, and I am bound to follow the interpretation put upon that law by the court of last resort of the state, especially since it agrees with my own appreciation of the statute and of the civil law.

For the reasons assigned, the exception of no cause of action is overruled.