Plaintiff, Armand G. Quina, brought this suit against a commercial co-partnership, known as Robert's, and the individual members thereof, A. Robert and Harry Rittenberg, to recover damages sustained by him as the result of the co-partnership's publication of certain alleged libelous matter in an attempt to coerce payment of a debt due it by him. The defense to the action is that the matter complained of is not libelous in any sense; that it was published in conformity with usual business methods for collection of delinquent debts and that plaintiff has not suffered any damage.
In the lower court, there was judgment in favor of defendant and plaintiff has appealed.
Plaintiff's action is based on the following state of facts, which are not seriously contested by the defendant. On July 7th, 1938, plaintiff's wife purchased (with plaintiff's assent and approval) a dinner set at Robert's store for the price of $14.95. Under the terms of this verbal sale, plaintiff was obligated to pay $1 semi-monthly until the account was liquidated. Plaintiff failed to make the payments regularly but he did, from time to time, make payments on account amounting to the sum of $13.50 so that, at the time of the *Page 559 
writing of the letter hereinafter referred to, there was a balance of $1.45 due by him to the defendant. Because of the fact that plaintiff was slow in making payments, the defendant wrote several letters to him during the years 1939 and 1940, in an effort to have him liquidate the indebtedness in full. In addition to this, many demands upon plaintiff were made over the telephone by employees of the store.
During the early part of February 1940, after the efforts of the defendant had failed to bring results and the matter had been placed in the hands of its attorneys, plaintiff's employer, Mr. Martin Gillman, proprietor of the Economy Auto Sales Company of New Orleans, received the following letter and enclosure:
"February 2d 1940.
"Economy Auto Sales Co. "861 Carondelet St., "New Orleans, La.
"Attention: Mr. Martin Gillman
"Gentlemen:
"We are enclosing herewith `Final Notice Before Suit' against Mr. A.J. Quina, employed by your company.
"Any assistance you might offer which would enable us to withhold such drastic action against this party in order to make him realize the necessity of taking care of his just obligations will be greatly appreciated.
"Unless Mr. Quina communicates with Robert's direct within the next three days, we have been instructed by them to take legal action in order to protect their interests.
"Yours very truly, "Williams and Wolfson
"By: A. Melville Wolfson"
The enclosure reads as follows:
"Final Notice Before Suit
"In the Matter of } Robert's Jewelry Store the claim of } vs. } Mr. A.J. Quina
"To The Above Named Debtor:
"Please take notice that Robert's Jewelry Store has a valid claim against you for goods sold and delivered, amounting to Fourteen Dollars and ninety five cents — Dollars, an affidavit supporting said account being herein below annexed.
"The said debt is now overdue, and, although demand for payment has been repeatedly made, nothing has been received on account of same, except Three and 50/100 — Dollars.
"That unless remittance is made to the undersigned at Robert's, on or before the 7th day of February 1940, suit will be filed immediately to enforce payment of this claim, together with interest and costs of said suit.
"Dated at New Orleans, La. this 2nd day of February, 1940.
"Affidavit of Account
"State of Louisiana } "County of Orleans }
"On this 2nd day of February 1940, before me, a Notary Public within and for said County of Orleans, La., personally appeared P.J. Casselbery who, being by me duly sworn on his oath, says that the above account is correct and true, to the best of his knowledge and belief.
"__________
"Subscribed and sworn to before me, this 2nd day of February, 1940.
"My commission expires at death. A. Melville Wolfson "Notary Public."
The above-quoted "Final Notice Before Suit" is on a printed form and, on the reverse thereof, appears "No. 5421" followed by the title "Robert's Jewelry Store creditor, vs. Mr. A.J. Quina, debtor."
Plaintiff testified at the trial that, when the letter and the enclosed document was received by Mr. Gillman, the latter called upon him to explain it; that he told Mr. Gillman that the claim was incorrect because the balance due on the account was only $1.45; that, while Mr. Gillman believed his statement as to the amount due, he was nonetheless alarmed about the letter and that he advised plaintiff to consult a lawyer. Plaintiff further testified that the publication of the debt caused him great mental anguish and that he suffered considerable embarrassment and humiliation.
The testimony of the defendant consists mainly of the statement of a Miss Trapani, who has been employed in the collection department of the store for a number of years. She stated, in substance, that she had endeavored to collect the balance due on plaintiff's account for a long period of time; that she had sent letters to plaintiff and had telephone conversations with him, without avail; that, while the communication sent to plaintiff's employer with the *Page 560 
enclosed "Final Notice Before Suit" was incorrect with respect to the amount due, the mistake was attributable to a typographical error and that the method employed by defendant in effecting collection of this claim was in accord with customary procedure adopted by merchants engaged in the same line of business in the city of New Orleans. Defendant also produced documentary evidence to show that plaintiff was financially embarrassed; that he had been sued on numerous occasions for small bills and that his credit standing in the community was not good.
Plaintiff maintains that the trial judge erred in rejecting his demand for the reason that the defendant's letter and enclosure to Mr. Gillman, his employer, constitutes a libel; that it was an attempt to extort money from him; that it violated his right to privacy; and that it is therefore an offense actionable under Article 2315 of the Civil Code.
On the other hand, counsel for defendant maintains that the matter complained of is not libelous per se; that it is well recognized in the jurisprudence that special damage must be proved in order to maintain an action such as this and that plaintiff has utterly failed to prove any special damage.
We cannot agree with counsel for defendant. Under the common law, there seems to be considerable doubt as to whether a communication sent by a creditor to his debtor's employer for the purpose of coercing payment of the debt is libelous per se. In some cases, it is held that the publication is not libelous per se and that proof of special damage is required in order to sustain the action. This seems to be the majority rule. See 33 American Jurisprudence, section 60, pages 78 and 79, under the title "Libel and Slander", and 36 Corpus Juris, section 44, pages 1170 and 1171.
On the other hand, the Appellate Division of the Supreme Court of New York, in Keating v. Conviser, 219 App. Div. 836, 220 N.Y.S. 874, held that a letter written by a mercantile house to the employer of its debtor (which letter was somewhat similar in content to the one now under consideration) was libelous per se and that special damage need not be alleged or proved. This case was affirmed by the Court of Appeals without opinion in 246 N.Y. 632, 159 N.E. 680.
But whatever be the sound rule at common law respecting the libelous character of publications of this kind, it is manifest to us that the issuance of the letter and enclosure in this case, for the obvious purpose and design of forcing a payment by plaintiff, constituted a tort under our law and that plaintiff is entitled to redress even though he was unable to prove special damage. And it makes no difference whether the publication is considered to be libelous or not. It is well settled, even in the common law states, that damages will be allowed for mental anguish suffered by a debtor in cases where the creditor has pursued unseasonable methods in attempting to make collection of his claim. See 33 American Jurisprudence, verbo "Libel and Slander", section 61, pages 79 and 80, 41 American Jurisprudence, verbo "Privacy", section 30, page 947, and a comprehensive note contained in 91 A.L.R., beginning at page 1495, entitled "Mental Anguish due to Collection Methods." These authorities, which are supported by cases from several states, reveal that, while it is doubtful that writings like the one in the instant case are libelous, yet they are classed as torts for which recovery may be had without proof of particular damage. In some cases, relief has been granted on the ground that the publications were libelous and in others on the ground that there had been an invasion of the plaintiff's right of privacy.
Aside from this, there is ample authority under our own jurisprudence for the maintenance of plaintiff's right of recovery in this case. In Tuyes v. Chambers, 144 La. 723, 81 So. 265, 267, plaintiff claimed that defendant had published slanderous and libelous matter in order to compel her to pay an alleged debt. One of the grounds upon which the action was based was that the defendant caused the publishing of plaintiff's name on a list of delinquent debtors. In discussing whether it was necessary that special damage be proved in order to maintain the action, the Supreme Court stated that there were other features of the case which raised serious questions of actionable conduct in addition to the technical charges of slander and libel. And, in referring to the publications of plaintiff's name on the lists of delinquent debtors, it observed that "They smack of the elements of blackmail, which is severely denounced by our laws *Page 561 
as a necessary felony." The court went on to state that such publications were tantamount to an attempt on the part of the creditor to extort money from the plaintiff; that it made no difference whether the money was legally due or not and that, under Article 2315 of the Civil Code, redress would be given even though plaintiff could not prove special damage.
An examination of the letter sent by defendant to Mr. Gillman, together with the enclosure therein, is sufficient to warrant the conclusion that it was issued with the intention of invoking his influence and control over the plaintiff as a means of forcing the latter, through fear of discharge or otherwise, to liquidate the small balance of his indebtedness to it. The document entitled "Final Notice Before Suit" is prepared in such a way so as to mislead the employer into believing that it was issued out of some official or legal channel and the amount claimed therein is admittedly incorrect. The fact that the communication did not produce the desired result in this case does not alleviate the wrong; nor does the testimony of defendant's witness that this type or method of coercing payment is practiced by other mercantile concerns detract in the least from the self evident fact that it is onerous.
Plaintiff testified that the publication caused him humiliation and mental anguish and we can well believe that such was the case. The fact that he was in dire financial circumstances does not diminish the damage done him by the attempted and unwarranted use of the influence of his employer as a club over him to enforce payment of the paltry sum which defendant concedes is the balance due on the debt.
Article 2315 of our Code is broad in its scope and contemplates redress to all who suffer injury as a consequence of the commission of an offense or quasi offense. This includes recovery for mental pain and anguish for which compensatory damages will be awarded even though unaccompanied by physical injury. See Graham v. Western Union Tel. Co., 109 La. 1069, 34 So. 91, and Tuyes v. Chambers, supra.
Plaintiff claims damages in the sum of $299.99. We do not think that he is entitled to recover that amount but are of the opinion that an award to him in the sum of $100 will suffice.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment herein in favor of plaintiff, Armand G. Quina, and against the defendant copartnership, Robert's and the individual members thereof, A. Robert Rittenberg and Harry Rittenberg, in solido, for the full sum of $100, with legal interest thereon from judicial demand, and all costs.
Reversed.
JANVIER, J., absent.